(Decided February 7th, 1860).

---

## Henry Bell *vs.* James F. Purvis and others.

Where an answer comes in *before* the injunction is ordered, and so denies the equity of the bill as to authorize a dissolution of the injunction on motion to dissolve, the injunction ought *not* to be granted.

Appeal from the Circuit Court for Baltimore city.

This appeal is taken from an order of the court below, (Krebs, J.,) granting an injunction upon a bill filed by the appellees against the appellant. The facts under which the injunction was granted, are stated in the opinion of this court.

The cause was argued before Le Grand, C. J., Eccleston, Tuck and Bartol, J.

Bell *vs.* Purvis, *et al.*

*Thos. S. Alexander* for the appellant.

The injunction was not granted till after answer filed, and that answer denies fully all the averments in the bill. The general rule is, that any judgment of a court at any stage of the cause must be upon the *record* as it *then stands*. It must be assumed, therefore, that this injunction was granted on consideration of the bill *and answer*. It is believed that, in point of fact, the court looked only to the averments of the bill. But the answer, for the reason stated, must be looked to, and as it swears away the whole equity of the bill, the order granting the injunction, *after* such an answer filed, is erroneous and must be reversed.

No counsel appeared for the appellees.

ECCLESTON, J., delivered the opinion of this court.

This bill, praying for an injunction, was filed in the Circuit Court for Baltimore city, on the 13th of April 1859, by the appellees against the appellant. A subpœna was issued, returnable the second Monday of May following.

The defendant appeared the 15th of April and filed his answer on the 6th of May. Twelve days after, the court passed an order granting an injunction; from which order the present appeal was taken.

The answer denies the equity of the bill; and if the injunction had been granted, and such an answer had been subsequently filed, it would have authorized a dissolution of the injunction, upon a motion to dissolve. If this be true, then, inasmuch as the answer came in before the injunction was ordered, it should not have been granted. *Hall vs. Mc-Pherson,* 3 *Bland's Ch. Rep.,*529. 3 *Danl. Ch. Pr.,* 1813, 1814, (*Ed.* 1846.)

*Order reversed and cause remanded.*

(Decided February 24th, 1860.)