(Decided 17th May, 1867.)

JOHN B. KRONE *vs.* MARIA KRONE.

*Code—Appeal—Injunction—Equity Practice.*

Under Section 25, Article 5, of the Code of Public General Laws, no appeal lies from an order refusing an injunction, in a case where such order was passed *after* answer filed.

On an application for an injunction, the defendant may instantly put in his answer, so as to prevent the imposition of the threatened restriction; and the Court is bound to consider and give proper effect to it, if filed before the application is disposed of.

APPEAL from the Circuit Court of Baltimore City.

The bill filed in this case on the 11th of February, 1867, alleged in explicit terms, that an ante-nuptial contract had been entered into between the appellant and the appellee, whereby it was agreed in consideration of marriage that the latter would convey to the former, in fee, a house in the City of Baltimore, known as No. 95 Saratoga street, and would also give him ten thousand dollars in money; that on the faith of this argreement the appellant was duly married to the appellee, and with her consent he took possession of the house in pursuance of the said ante-nuptial contract; that the appellee on her part refused to convey the house and pay the money as she had agreed to do. The bill further alleged, that the appellee had caused the house to be advertised for sale, and was

endeavoring to dispose of it; and, that encouraged and aided by her children by a former marriage, she was seeking to dispose of her property, both real and personal, being of large value, in derogation of the marital rights of the appellant. The prayer of the bill was for a specific performance of the ante-nuptial contract, for an injunction to restrain the appellee from disposing of, or attempting to dispose of any part of her property, real, personal, or mixed, without the consent of the appellant, and particularly of the said house and lot in Saratoga street; and for the appointment of a receiver.

On the same day of the filing of the bill, the Court (ALEXANDER, J.) passed an order assigning the 18th instant for the hearing of the application for an injunction and the appointment of a receiver. But before the same was actually heard, the appellee filed her answer under oath, in which, among other things, she positively denied ever having entered into any such contract as charged by the appellant. The appellant filed a written objection to the consideration of the answer by the Court.

The application for an injunction was refused, and from this refusal the present appeal was taken. The original papers were transmitted to this Court.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH, WEISEL and CRAIN, J.

*Wm. Shepard Bryan,* for the appellant, argued:

1st. That it was not competent for the Court to consider the answer. Before the adoption of the Code, the rule of practice was different. *Bell vs. Purvis et al.,* 15 *Md. Rep.,* 22. By the 25th section of Article 5 of the Code of Public General Laws, a right is given to a complainant to demand a decision on his bill, and to appeal directly from an adverse decision thereon. If this right could be taken from him against his will, it would be no right at

all. He of course may waive his rights in this regard, as in any other; but how can they be taken from him by the act of the opposite party, or even of the Court? *Steigerwald vs. Winans et al.*, 17 *Md. Rep.*, 62, is in point, although in that case the party lost his appeal by his own act.

2d. The bill states a valid ante-nuptial contract, and acts of part performance, sufficient to take the case out of the Statute of Frauds. *Dugan et al. vs. Gittings et al.*, 3 *Gill*, 157; *Crane vs. Gough*, 4 *Md. Rep.*, 316.

3d. The husband, notwithstanding recent legislation, has the right to the possession and custody of his wife's personal property. *Schindel vs. Schindel*, 12 *Md. Rep.*, 108. The Code gives her no right to dispose of it without his consent. *Art.* 45, *sec.* 2, *of Code of Pub. Gen. Laws.*

4th. The acts charged in the bill will cause irreparable injury; they will necessitate suits on the part of the complainant to recover his rightful possession. On these grounds they make a proper case for an injunction and receiver. *Holland vs. Mayor and City Council of Baltimore et al.*, 11 *Md. Rep.*, 197; *Drury vs. Roberts*, 2 *Md. Ch. Dec.*, 157.

5th. In the view of a Court of equity, husband and wife being distinct persons, (as far as her separate property is concerned,) they may sue and be sued by each other.

*Milton Whitney* for the appellee.

1st. The appeal in this case must be dismissed; the party not claiming his right under the Code, of an immediate decision by the Court, either to grant or refuse the injunction upon the bill and exhibits, but acquiescing in the action of the Court, in setting the case down for a hearing at a future day; the postponement of the hearing; the filing of an answer and the subsequent argument of the case. This case is not such an one as is

provided for by the 25th section of the 5th Article of the Code of Public General Laws. The party upon filing his bill and exhibits was entitled to the *immediate* decision of the Court below. If the Court refused to decide, or decided against him by refusing the injunction prayed for, he had his right of immediate appeal; but not claiming or exercising that right, but allowing, without opposition, the case to proceed, it is now too late to claim the right under the Code. The right not having been refused till after answer filed, the right of immediate appeal under the Code does not exist. *Bell vs. Purvis et al.,* 15 *Md. Rep.,* 22; *Steigerwald vs. Winans et al.,* 17 *Md. Rep.,* 62.

2d. The answer having been filed some eight days after the filing of the bill and before the hearing of the case, must be considered by the Court. The Court is to determine the questions according to the record before it. The judgment of a Court at any stage of the cause must be upon the record as it then stands. (Same cases as referred to on the first point.)

3d. The answer being considered, the injunction was properly refused, as it negatived all of the material allegations of the bill, and swore away the whole equity of the same.

4th. The injunction was properly refused upon the face of the bill itself. The bill set forth a *parol* ante-nuptial contract. It contained no allegations of such part performance as, upon their face, would take the case out of the Statute of Frauds. The contract alleged, is to give ten thousand dollars in money, and make a conveyance in fee of a certain house and lot in Saratoga street. No act is alleged as a part performance of any such contract. In *Dugan et al. vs. Gittings et al.,* the property had been delivered up by the father, and the change of possession had taken place, and the Court held merely that the marriage was a sufficient consideration. In this case not even

Krone *vs.* Krone.

a change of possession is alleged, and the contract charged is a conveyance in fee. In *Crane vs. Gough*, the parol contract in consideration of marriage had been *executed*, and the Court held that the party could defend his possession under such an executed contract on the question of part performance. *Fink vs. Fink*, 10 *Ohio, N. S.*, 501.

WEISEL, J., delivered the opinion of this Court.

The appeal in this case is from an order refusing an injunction. Before the order was filed or the application considered, though after it was set down for a hearing, the defendant, now appellee, had filed her answer to the bill. And afterwards, and before the actual hearing of the case, the complainant filed a suggestion that the prayer for the injunction, according to the rule and practice of equity, should be heard and decided exclusively upon consideration of the bill and exhibit, and that it was not competent for the Court to read or consider the answer or any part of it, and so prayed the Court to hear and decide the application for the injunction without reference to the answer or anything therein contained. Whether the Court heeded this suggestion does not distinctly appear from the order of refusal. But it must be assumed that the answer was considered and permitted to have its proper effect, inasmuch as it was the duty of the Court to regard it. *Hall vs. McPherson*, 3 *Bland*, 532; *Bell vs. Purvis et al.*, 15 *Md. Rep.*, 22. The Code, Article 5, sec. 25, has not changed this rule of practice. By that section, as construed in *Steigerwald vs. Winans et al.*, 17 *Md. Rep.*, 65, 66, and very recently in the case of *Rogers and others vs. Thompson and others*, decided at the present term, if an answer has been filed before the application has been heard and disposed of, no appeal lies from an order refusing the injunction. Such a proceeding is not within the remedy provided by that section. So a majority of this Court has determined in both the cases

6 v. 27.

last referred to, and that decision must govern this case and sustain the point urged by the appellee for the dismissal of the appeal.

An order setting down the application for a hearing, whether on motion or otherwise, before the coming in of the answer, makes no difference in a case like this. There is no principle or practice which prohibits a defendant from answering immediately or speedily any complaint; and, as observed by Chancellor Bland, in the case referred to, there is no sound regulation which should hinder the defendant from instantly presenting his answer so as to prevent the imposition of the threatened restriction. He is by that means the more promptly obeying the mandate of the Court. On an application for an injunction the Court is bound to look to and give proper effect to the answer, if in before the application is considered and disposed of. To grant an injunction with an answer before the eyes of the Judge or Chancellor which would have the effect of dissolving it upon motion afterwards, would be an act of supererogation as well as vexatious. Hence, in such cases, we regard the practice as settled in this State by the authorities above cited. The answer being in and the Court required to consider it at the time of passing upon the application and refusing the injunction, it is, in the opinion of a majority of this Court, not a case for an appeal under the section of the Code and the decisions upon it above referred to.

*Appeal dismissed.*

(Decided 16th May, 1867.)