JOHN W. WEBSTER *vs.* JAMES G. HARDISTY, and others.

*Equity Practice—Circumstances which Justify a Court of Equity in interfering with a Judgment at law.*

Where a motion to dissolve is heard upon bill and answer, the responsive allegations of the latter must be taken to be true, and if the equity of the bill be sworn away by the answer, the injunction must be dissolved.

It is a well-settled and salutary rule, that to justify an application to a Court of Equity, to interfere with a judgment at law, some fact must be shown, which clearly proves it to be against conscience to execute the judgment, and of which the party seeking relief could not have availed himself in a Court of Law, or of which he might have availed himself, but was prevented from doing so, by fraud or accident, or the act of the opposite party, unmixed with any negligence or fault on his own part.

APPEAL from the Circuit Court for Prince George's County, sitting in Equity.

This appeal was taken from an order, passed on the 2d of April, 1866, continuing an injunction which had been previously granted, on the application of the appellees, to

stay an execution on a judgment recovered against them by the appellant. The facts of the case are sufficiently stated in the opinion of this Court.

The cause was argued before NELSON, STEWART, MILLER, ALVEY and ROBINSON, J.

*Frank. H. Stockett,* for the appellant:

The answer being responsive to the bill, and all the material allegations contained in the same having been denied, and the equity sworn away, the injunction ought to have been dissolved. *Wood vs. Patterson,* 4 *Md. Ch. Dec.,* 335; *Harris vs. Sangston,* 4 *Md. Ch. Dec.,* 394; *Washington University vs. Green,* 1 *Md. Ch. Dec.,* 97; *Hubbard vs. Mobray,* 20 *Md. Rep.,* 165; *Huston, et al. vs. Ditto, et al.,* 20 *Md. Rep.,* 306; *Dorsey, et al. vs. Hagerstown Bank,* 17 *Md. Rep.,* 408.

The order continuing the injunction on the motion to dissolve, was manifest error, as the answer had sworn away all the matter giving jurisdiction to a Court of Equity to interfere with a judgment at law. The judgment was final between the parties. *Turner vs. Plowden,* 5 *G. & J.,* 52; *Clark vs. Diggs,* 5 *Gill,* 109. It was, however, not *effective* or *ripe* for execution, until the referees had filed their award. The powers conferred on the referees, were conferred for the exclusive benefit of the defendant Hardisty, according to his own statement in the bill, and he should have taken advantage of the benefit thus extended to him, to obtain the credits in the mode contemplated by the parties, and in a reasonable time, or otherwise he lost the benefits of the reference. *Coates & Glenn vs. Sangston,* 5 *Md. Rep.,* 121; *Russell on Arb. and Awards, side pages* 169, 191, 192.

Courts of Equity interfere most reluctantly with judgments at law. *Norris, Caldwell, et al. vs. Campbell,* 27 *Md. Rep.,* 688. And it is well settled by the decisions in this State, that chancery will never interfere with judgments at law, where the party's own neglect has made an application to

that tribunal necessary. *Little vs. Price,* 1 *Md. Ch. Dec.,* 182. The answer, the averments of which are conclusive on the motion to dissolve the injunction, shows clearly that it was the *fault* and *neglect* of the defendant Hardisty, that the credits claimed were not allowed by the referees, if proper to be allowed. Due notice was given on several occasions by them to him, and the other parties, of the meetings appointed by the referees, and to produce before them the credits claimed. No regard was paid to such notices, and the referees proceeded to make the judgment effective upon all the proof laid before them, as it was their duty to do. By their own negligence and delay the defendants lost the opportunity to obtain an allowance for these credits, and it was then too late to apply to a Court of Equity. To relieve against this judgment would deny the well established rule, that chancery will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment, was ignorant of the fact in question pending the suit, which could not have been received as a defence, or unless he was prevented from availing himself of the defence by fraud or accident, or the act of the opposite party, unmixed with *negligence or fault on his own part.* In the present case the fact of the credits was *known* to Hardisty before the judgment; nothing but his own neglect prevented these credits from being received as a defence, nor was he prevented from availing himself of them before the judgment, or afterwards, before the referees, by any fraud or act of the opposite party. The judgment, therefore, when completed by the award of the referees, was conclusive on him as against any interposition from a Court of Equity. *Foster vs. Wood,* 6 *John. Ch. Rep.,* 89; 2 *Lead. Cases in Equity,* 2d *part,* 97, (*in note;*) *Truly vs. Wanzies,* 5 *Howard,* 141; *Briesch vs. McCauley,* 7 *Gill,* 190; *Hendrickson vs. Hinkley,* 17 *How.,* 443; *Huston, et al. vs. Ditto, et al.,* 20 *Md. Rep.,* 306.

Again, where a remedy may be obtained at law, full, adequate and complete, Courts of Equity are never to be resorted

to; such a remedy did exist and could have been obtained by the parties, and in the Court where the judgment was rendered. The defence could have been availed of by the defendants at the time of, and before the judgment was rendered; by acquiescence it was then lost. It could have been used before the referees; by neglect and delay it was forfeited. Even after all this indulgence on the part of the plaintiff, and indifference and neglect on the part of the defendants, they had ample remedy at law, and in the same case, and before the same Court, where the judgment had been entered. This could have been done on motion, if made in time, objecting to the award and claiming to be allowed the credits excluded from the consideration of the referees, or even after the *fieri facias* had been issued, on motion to quash that writ. *Job vs. Walker*, 3 *Md. Rep.*, 129; *Shafer vs. Shafer*, 6 *Md. Rep.*, 518. And thus have availed themselves, by the equities growing out of the acts of the parties, and had full justice done, if any wrong had been committed, without resorting to a Court of Equity. *Russell on Arbitration and Awards*, 169; *Goldsmith vs. Tilley*, 1 *H. & J.*, 361.

But assuming the Court had jurisdiction to interefere with the execution of the judgment by injunction, and that the injunction was properly granted in the first instance, the order continuing it in the *general* form, as passed, was erroneous, and should be reversed. The injunction issued to restrain proceedings at law, upon the ground of credits not allowed. The answer admits certain credits, and consents to allow them, but denies positively that complainants are entitled to any other credits. For the purposes of the motion to dissolve, this answer is conclusive that they are entitled to no other credits—there being no proof, by way of affidavits or otherwise, of the existence of other credits. The case, on the merits of this motion, stands precisely as if complainants had claimed *only* the credits conceded, and so allowed by the answer, and which were *less than the whole judgment*. The injunction should therefore, on this motion, have been dis-

solved as to the balance due, and the plaintiff in the judgment allowed to go on and enforce his execution for the residue of the debt. *Hodges vs. Planters' Bank of Prince George's Co.,* 7 *G. & J.,* 307 ; *Welch vs. Parran,* 2 *Gill,* 320.

*Thomas F. Bowie,* for the appellees :

The Court below was right in refusing to dissolve the injunction.

1st. Because the answer does not swear away the equities of the bill, but distinctly and unequivocally admits the truth of those allegations in the bill on which alone the equity was founded. In such a case, the injunction is always continued until final hearing. *Alex. Ch. Prac.,* 87 ; *Hodges vs. Planters' Bank of Prince George's Co.,* 7 *G. & J.,* 311.

2d. Because it appears from the answer that the appellees, the complainants below, were entitled to an injunction at the time of obtaining it, and the proper ground for the injunction being admitted by the answer, in reference to credits and payments, the remaining dispute between the parties, arising from defaults, officers' fees and other claimed allowances, can only be adjusted by the necessary proof to be adduced by either of the parties. In such a case, where there still remains a dispute, the injunction is invariably continued until final hearing or further order. *Lynch vs. Colegate,* 2 *H. & J.,* 34.

3d. Because the award itself, on its face, shows that, assuming the appellees had notice of the time it was to have been made, no credits whatever were allowed the defendants, and judgments by default were charged against them, without any proof whatever of their existence.

MILLER, J., delivered the opinion of this Court.

Where a motion to dissolve is heard upon bill and answer, the responsive allegations of the latter must be taken to be true, and if the equity of the bill is sworn away by the answer, the injunction must be dissolved. It is insisted however that this case comes within the rule stated in *Alex's. Ch. Prac.,* 87,

and in *Lynch vs. Colegate*, 2 *H. & J.*, 34, by Chancellor HAN-SON, that "whenever, on motion to dissolve, it appears from the answer that the complainant was entitled to an injunction at the time of obtaining it, the same shall continue until final hearing, or further order, unless the defendant admits every thing alleged in the bill, on account of which the injunction was obtained." We do not find that this rule has been sanctioned by any decision of the appellate Court, but we need not decide upon its correctness, because it does not appear *from the answer* in this case that the complainants were entitled to the injunction when it was obtained. The case is briefly this: Webster, then Sheriff of Prince George's county, appointed Hardisty, his deputy, and the latter gave to the former a bond dated the 19th of February, 1858, in the penalty of $5,000, in which the other appellees were sureties, conditioned for the faithful performance of the duties of the office of Deputy Sheriff. Suit was instituted on this bond by Webster against all the obligors therein, and on the 9th of November, 1860, a judgment was recovered "for such sum as C. C. Magruder and Samuel B. Hance should say was due." On the 18th of September, 1862, these referees filed an award directing the clerk to enter a judgment for the penalty of the bond to be released on payment of $1,230.60, with interest from the 24th of July, 1862, and costs, "it being the amount found due by the undersigned referees after having given due notice to the defendants in the above cause," and the judgment was entered accordingly. Upon the allegations of the bill an injunction was granted to restrain execution of this judgment. The answer admits, as the bill charges, that the judgment was originally entered in the form stated, for the purpose of allowing Hardisty an opportunity to account to Webster, concerning divers matters of official account between them, so that the whole matters in dispute should be legally and properly adjusted, according to the condition of the bond on which the judgment was obtained, and that all proper credits to which Hardisty was entitled should be allowed, but denies that the referees made their award without notice

to the defendants as charged, but, on the contrary, avers that prior to filing their award they made several appointments for the purpose of allowing Hardisty to produce evidence of the credits to which he might be entitled, and sent by mail, properly directed, written notices to him and the other defendants, informing each of them, at least ten days beforehand, of the time, place and purpose of meeting, and notifying and requesting each of them to attend, but they failed to pay any attention to these notices; and after repeated notices of this kind and appointments, they made a final one giving the same notice, and upon a like failure of either of the defendants to attend, the referees met and made their award from the papers then before them.  The answer then admits the specific credits, amounting to $275, charged in the bill, (and receipts for which from Webster to Hardisty were exhibited with the bill,) had been paid by Hardisty, on account of the bond, and the respondent says he is willing to allow them as credits on the judgment; that they were not allowed by the referees because they had no knowledge of them, and he could not recollect the amount and dates so as to inform them of the proper credits, but he positively denies that Hardisty was entitled to any other credits whatever, and insists that the judgment, after crediting thereon the aggregate amount of the credits so admitted, should be allowed to remain in full force and effect.  Every other allegation of the bill upon which an equity could possibly be founded is then explicitly denied by the answer.  It cannot be successfully claimed that it appears from this answer the complainants were entitled to the injunction at the time it was granted.  The judgment in the form in which it was originally entered, was final in the sense that no further action of the Court was required, but not effective until the sum due had been ascertained by the referees, and was so entered as the bill charges and the answer admits, in order that Hardisty might have the proper credits allowed him.  The referees were bound to discharge their duties fairly with due notice to all concerned, but it was incumbent on the defendants to produce the vouchers and prove the credits

Webster vs. Hardisty, et al.

before the referees. Not only were they not active in the assertion of their claims, but utterly neglected the repeated notices from the referees to attend their meetings. Hardisty, though he held the receipts for the admitted credits, at the time the original judgment was entered, failed to produce them then, and for two years thereafter neglected to exhibit them to the referees. By his own gross negligence he has failed to obtain at law an allowance for credits, the vouchers for which were all the time in his possession. It is a well settled and salutary rule that to justify an application to a Court of Equity to interfere with a judgment at law, some fact must be shown which clearly proves it to be against conscience to execute the judgment, and of which the party seeking relief could not have availed himself in a Court of law, or of which he might have availed himself, but was prevented from doing it by fraud or accident, or the act of the opposite party, *unmixed with any negligence or fault on his own part.* *Gott & Wilson vs. Carr,* 6 *G. & J.,* 309; *Briesch vs. McCauley,* 7 *Gill,* 189; *Huston, et al. vs. Ditto,* 20 *Md. Rep.,* 305. It would be a material departure from this rule established " for the prevention of negligence, and harrassing and protracted litigation, and the consequent burdensome accumulation of costs," to decide that a case for an injunction can be made out from this answer. The order, therefore, continuing the injunction will be reversed, the injunction dissolved and the cause remanded. In thus deciding that the appellant is entitled to an absolute dissolution of the injunction, it is proper we should remark that though the appellees have lost all remedy even for the $275, the amount of the undisputed credits, yet inasmuch as the appellant in his answer has admitted them to be correct, and has stated his willingness to allow them as credits upon the judgment, we think in "*foro conscientiæ,*" they should be credited upon the execution issued on the judgment.

*Order reversed and cause remanded.*

(Decided 5th May, 1868.)