CHARLES M. DOUGHERTY *vs.* JOHN B. PIET, Surviving partner of MICHAEL KELLY and JOHN B. PIET, lately trading as KELLY, PIET & COMPANY.

*Practice and Pleading in Equity—Effect of Replication, when motion for Injunction is heard upon Bill, answer and replication—Case of application for Injunction refused because of material allegations in the bill being denied in the answer.*

An application for an injunction was heard upon bill, answer and replication. A material allegation in the bill was denied in the answer in terms clearly and unequivocally responsive to the bill. Other facts were mentioned in support of this denial bordering on the verge of new matter. Certain exhibits relied on in the bill were in the answer admitted to have been executed by the firm of which the respondent was the survivor, but on terms and conditions materially different from those alleged in the bill; and the exhibits themselves did not fully sustain the construction placed upon them in the bill. The allegations of the complainant describing an interview between his attorney and the respondent, and certain verbal promises of the respondent to the attorney, were positively denied. On appeal from an order refusing the injunction, it was HELD:

1st. That as the answer so far as responsive to the bill was to be taken as true, on the application for the injunction, the replication had no effect and performed no office at that stage of the cause; its real and only effect being to determine the nature and extent of the issue between the parties, and to regulate the *onus* of proof with a view to the final hearing.

2nd. That looking to the bill, and the answer as far as responsive to the bill, the order refusing the injunction was properly passed.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and IRVING, J.

*A. C. Trippe* and *S. Teackle Wallis,* for the appellant.

The case comes before the Court upon bill, answer and general replication; and all new matter alleged in the answer in avoidance of the case stated in the bill, as well as the respondent's Exhibits A, B, C and D, introduced in part to support such new matter, must be disregarded at the hearing, as they are unsupported by proof. *Alexander's Chancery Practice,* 115 ; 2 *Story's Eq. Juris.,* (11*th Ed.,*) sec. 1529, *p.* 864 ; *Clark vs. White,* 12 *Peters,* 189 *and* 190 ; *Ringgold vs. Ringgold,* 1 *H. & G.,* 81 ; *Fitzhugh vs. McPherson, Adm'r,* 3 *Gill,* 429.

The answer admits the execution of complainant's exhibits A, B, C and D, and the consideration therefor, and in so doing admits the complainant's case. The consideration set forth is legally sufficient to support the contract for indemnity in the bill. *Brandt on Suretyship, sec.* 191, *p.* 271, *and sec.* 177 ; *Neidig, Adm'x vs. Whiteford,* 29 *Md.,* 183 ; *Citizens' F. M. & L. Insurance Co. vs. Wallis & Thomas, Garn.,* 23 *Md.,* 173 ; *Harris, et al. vs. Alcock,* 10 *G. & J.,* 226 ; *Laeber vs. Langhorn,* 45 *Md.,* 483.

The respondent is estopped from denying the consideration for the contract. *Story's Eq.,* 770 *a ; Jones vs. Sluby,* 5 *H. & J.,* 372.

The contract fulfils all the requirements needed for a decree of specific performance, and is such an one as has been sustained by this Court in a long and unbroken series of decisions. *Alexander vs. Ghiselin,* 5 *Gill,* 138 ; *Sullivan vs. Tuck,* 1 *Md. Ch.,* 59 ; *Triebert vs. Burgess,* 11 *Md.,* 464 ; *Carson vs. Phelps,* 40 *Md.,* 99 ; *Mogg vs. Baker,* 3 *M. & W.,* 195 ; 1 *Leading Cases in Equity,* (4*th Am. Ed.,*) 1108.

The respondent, as surviving partner, is required to carry out the contract of the firm. The sole question is, was this contract to indemnify entered into upon the con-

sideration stated? If so, this Court will decree a specific performance of it, grant the writ of injunction as auxiliary thereto, and compel the respondent to obey its decree, fulfil his contract, and be honest in spite of himself. *Collyer on Part.,* 952 *n; Berry, &c. vs. Harris, &c.,* 22 *Md.,* 40; *Loeschigk vs. Hatfield,* 5 *Robt., (N. Y. S. C.,)* 29; *Peyton vs. Stratton,* 7 *Grattan, (Va.,)* 381; *Loeschigk vs. Addison,* 4 *Abb., (N. Y. S. C.,)* 313; *Bredlaw vs. Savings Bank,* 28 *Mo.,* 186; *Roy vs. Wilas,* 18 *Wis.,* 174.

*Samuel D. Schmucker* and *Thomas M. Lanahan,* for the appellee.

"After a cause is set down on bill, answer and exhibits for hearing, without proof being taken, the complainant cannot file a *replication* without leave of the Court or consent of the defendant." The Court, in such case, will prescribe the terms of such leave. *Warren vs. Twilley,* 10 *Md.,* 39.

The case was simply before the Court on bill and answer, and at that state of the pleadings, the answer is to be taken as true. *Mason vs. Martin,* 4 *Md.,* 124.

"Where an answer comes in *before* the injunction is ordered, and so denies the equity of the bill as to authorize a dissolution of the injunction, on motion to dissolve, the injunction ought *not* to be granted." *Bell vs. Purvis, et al.,* 15 *Md.,* 22; *Estep vs. Watkins,* 1 *Bland,* 488.

The answer was in at the time of the hearing, and denied the equities of the bill, and its averments must be taken as true. *Dorsey vs. Hagerstown Bank,* 17 *Md.,* 412; *Philadelphia Trust Co. vs. Scott & Barton,* 45 *Md.,* 451; *Webster vs. Hardesty,* 28 *Md.,* 592–6.

The complainant's conduct in extorting from Piet a secret agreement for a preference, is a fraud upon the Registry Acts, and will not be enforced by a Court of equity. "Equity will authorize and enforce an agreement to execute a mortgage only when it can be done consist-

ently with the rights and equities of others." *Nelson vs. The Hagerstown Bank,* 27 *Md.,* 51–73–4; *Cockey vs. Milne's Lessee,* 16 *Md.,* 200–207.

The case of *Nelson vs. Hagerstown Bank* fully recognizes the case of *Alexander vs. Ghiselin,* (5 *Gill,* 138,) but says it was a case decided "before the Registry Act, requiring an oath to mortgages," &c., &c.

Every application for specific performance rests in the sound discretion of the Court, and is not *ex debito justitiæ. Manning vs. Wadsworth,* 4 *Md.,* 59–70; *Smoot vs. Rea, &c.,* 19 *Md.,* 398–405.

BOWIE, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court of Baltimore City, refusing the application of the appellant for an injunction. The bill and exhibits were filed on the 18th of March, 1879. On the same day it was ordered by the Court that the application for injunction be set down for hearing on the 21st day of March, 1879; provided, a copy of the order be served on the opposite party, or his solicitor, on or before the 19th day of March, 1879. Service was admitted on the same day.

The appellee filed an answer on the 21st March. On the 28th of March the defendant filed an exception to the entering of a general replication to the answer, as follows: "The defendant excepts to the right of the complainant to file a general replication in this case, at the time of the hearing of the motion for a preliminary injunction, the complainant not having leave of the Court for the same, or the consent of the defendant. This exception is taken during the progress of the argument of the motion."

The Court, on the same day, ordered and adjudged as follows: "The application for an injunction in the above entitled case having come on to be heard on bill, answer

Dougherty *vs.* Piet.

and replication, and the solicitors of the respective parties having been heard in argument, and the pleadings and proceedings in the case having been duly considered, it is by the Court, on this 28th of March, A. D. 1879, ordered that the application in this case for an injunction, be and the same is hereby refused."

The case was heard and decided below, according to the record, upon bill, answer and replication; whether the Court was right in allowing the replication to be filed at that stage of the proceedings, or whether the replication in any manner affected the rights of the parties at the hearing, may be a matter of subsequent consideration. It is the established practice in this State that, when an answer comes in before the injunction is ordered, and denies the equity of the bill in such manner, as would authorize a dissolution on motion to dissolve, the injunction in such case ought not to be granted. *Bell vs. Purvis*, 15 *Md.*, 22.

Another rule equally elementary is, that when the injunction is set down for hearing on bill and answer, or on a motion to dissolve, the answer is regarded and taken for true, so far as the same is responsive to the bill, but new matter set up by way of avoidance does not avail. 10 *Gill & Johns.*, 317; *Webster vs. Hardesty*, 28 *Md.*, 592.

The object of the bill was to enforce the specific performance of an agreement alleged to have been made by the firm of Kelly, Piet & Co. to give the appellant security out of their assets, sufficient to indemnify the appellant for certain liabilities incurred on their account, and for their exclusive benefit, in consideration of such promise of indemnity, and to obtain an ancillary injunction. Without encumbering this opinion with unnecessary details, the bill alleges substantially that prior to the 14th of November, 1878, the complainant, together with Mary Kelly, became the drawer of certain accommodation notes of large amounts, payable to the order of Kelly, Piet & Co., "without benefit to himself or consid-

eration therefor, and for the sole benefit of said Kelly, Piet & Co.," which notes were so drawn by the complainant "upon the express stipulation and agreement that the said Kelly, Piet & Co. would at any time, on the request of the complainant, give him security out of their assets sufficient for his liabilities thereupon."

It is further alleged that about the 14th of November, 1878, Kelly, Piet & Co., to procure further accommodation, and induce him to continue his former, applied to him for that purpose, and the complainant being unwilling and having refused said request, without further security, they agreed and promised to give the complainant a preference over all others, their creditors, for his protection against liability, as well upon the notes hitherto drawn by him for their benefit, as upon the renewals to be made of the same, upon the additional accommodation asked for, and accordingly offered to give and did give the complainant for that purpose, on the 14th of November, 1878, an order to enter judgment in the complainant's favor at any time for $12,500, and at the same time executed an agreement to appoint the complainant° trustee for the liquidation of the firm's business, in case of any subsequent necessity therefor, and also appointing him, in case of the decease of either of the partners, to represent the decedent in the settlement of the same, and to manage the same, as will appear by Exhibits A, B, C.

Exhibit A is a *narr.*, in common form, in an action on the case by Charles M. Dougherty against Michael J. Kelly and John B. Piet, trading as Kelly, Piet & Co., for money payable by defendants to plaintiff, including the common counts, and claiming $30,000 damages.

Exhibit B is a titling in the case of *Charles M. Dougherty vs. Michael J. Kelly, John B. Piet*, trading as Kelly, Piet & Co., in the Superior Court of Baltimore City, underwritten as follows:

Dougherty *vs.* Piet.

"Mr. ———, please enter your appearance for us in this case, and confess judgment in the sum of twelve thousand five hundred dollars."

(Signed,)                               M. J. Kelly,
                                        John B. Piet,
                                        Kelly, Piet & Co.

Exhibit C:              BALTIMORE, November 14th, 1878.

"In consideration of the loans and advances in money, made to the firm of Kelly, Piet & Co. by Charles M. Dougherty, and the extension of the time of payment of the same, we, Michael J. Kelly and John B. Piet, individually, and as composing said firm of Kelly, Piet and Company, do covenant and agree with the said Charles M. Dougherty, to appoint him, the said Charles M. Dougherty, trustee of our partnership stock and assets, to manage the same in liquidation, in case of any state of affairs arising in the opinion of either member of said firm, making the appointment of a trustee in liquidation advisable; and in case of the death of either member of said firm, we and each of us do now constitute, authorize and empower the said Charles M. Dougherty to represent *the interest of the partner so deceased, in the settlement of the business of the partnership and to manage the same.*

(Signed,)                               M. J. Kelly,
                                        John B. Piet.
                                        Kelly, Piet & Co."

It is further alleged that the firm of Kelly, Piet & Co. exhibited to the complainant a statement of the condition of the firm, showing its available assets exceeded its liabilities, besides other resources not included in the assets, which would liquidate $10,000 of their indebtedness; relying upon which, he allowed his accommodation notes previously executed to stand, and gave new notes, for the benefit of said firm of large amounts, some of which have been

paid, and others secured to be paid by him.   Further
charging, the complainant says, that relying on the state-
ments and assurances aforesaid, he did not procure a judg-
ment to be entered against the said Kelly, Piet & Co.

That shortly afterwards, about the 7th of January, 1879,
Michael J. Kelly being ill of a disease of which, in a few
days after he died, and the complainant being absent from
the State, his attorney sent for John B. Piet, and informed
him it was necessary for his client's interest and for his
protection, the said judgment should be put upon record.
Whereupon the said Piet assured the complainant's attor-
ney the firm was perfectly solvent, that to put such judg-
ment on record would injure the credit of the firm and
ruin him, and entreated his attorney not to do so, etc.
That said Piet promised, if the judgment was not put on
record, in the event of M. J. Kelly's death, he would secure
the complainant a preference in payment of all loss that
might accrue by virtue of the accommodation paper, and
would make an assignment of all their partnership effects
to him, with a preference securing all liability on account
of said accommodation paper, etc.

The bill further charges, that since the death of Kelly,
it has been ascertained that the statement of the partner-
ship affairs was illusory and deceptive, and that the firm
is insolvent, and unable to meet the payment of the notes
referred to ; that the respondent, Piet, although requested,
has refused to execute the deed of assignment, or to give
him a preference as promised, and still refuses ; that he
seeks to acquire the business to himself, at the expense of
his creditors, and denies the complainant all relief.   The
bill prays specific performance of the contract, for security,
and an injunction preventing the said partner Piet from
disposing of the assets in the meantime, or intermeddling
with the affairs of the partnership.

The respondent's answer, admitting the existence of the
accommodation notes drawn by complainant prior to the

14th of November, 1878, and those subsequent thereto, denies that said notes were drawn upon the express agreement and understanding, as in the bill alleged, that the firm would at any time, upon request of complainant, give him security out of their assets sufficient for his liability.

This material fact is denied *in limine,* in terms clearly and unequivocally responsive to the bill. Other facts are mentioned in support of this denial which may border on the verge of new matter. Exhibits A, B and C are admitted to have been executed by the firm, but on terms and conditions materially different from those alleged in the bill.

Whilst these exhibits, particularly A and B, which are without date, support the theory of the complainant's bill, inasmuch as they show a purpose on the part of the firm of Kelly, Piet & Co. to give security by confessing judgment; yet the forbearance on the part of the complainant's attorney, to record the judgment, is inconsistent with the theory that his principal required absolute unconditional security, before he would renew or extend his accommodation. Exhibit C, which bears date November 14th, 1878, and is referred to in support of the complainant's allegation of a contract for security upon accommodation notes, contains no reference to notes past or future, but is made, "in consideration of *the loans and advances in money* made to the firm of Kelly, Piet & Company, by Charles M. Dougherty, and the *extension of the time of payment of the same."* The obligation assumed is entirely contingent, viz., to appoint him, Charles M. Dougherty, trustee, etc., to manage the same in liquidation, in case of any state of affairs arising, *in the opinion of either member* of the firm, making the appointment advisable. In other words, if either of the firm thought proper, they would make the complainant trustee; "and in case of the death

28                    v. 52.

of either, they would constitute Charles M. Dougherty to represent the interest of the partner so deceased, in the settlement of the business of said partnership and to manage the same.

What connection exists between this paper and the renewal of accommodation paper, if any, is not apparent on its face.

How Mr. Dougherty is to be secured by a promise of an appointment which was entirely optional with the promisors, or protected by becoming a representative of a deceased partner, is not so obvious as to make such a promise equivalent to security.

The paper itself implies a confidence between the parties entirely at war with the demands of an exacting creditor, requiring indemnity for the past and security for the future.

Exhibit D, referred to by complainant as embodying "an agreement of preference and undertaking to execute a deed of assignment," taken alone, contains no consideration for a promise, or actual promise or agreement, but expresses a willingness, as surviving partner, to assign their whole business to Mr. Dougherty and give him preference, etc.

The allegations of the complainant, describing the interview between his attorney and the respondent, and the verbal promises of respondent to the attorney, in consideration of forbearance to record the judgment, are positively denied.

As the answer, so far as responsive to the bill, was to be taken as true, on the application for the injunction, the replication had no effect, and performed no office whatever at that stage of the cause; its real and only office being to determine the nature and extent of the issue between the parties, and to regulate the *onus* of proof with a view to the final hearing.

Mayor, &c. of Balto. *vs.* Stoll.

Confining our view entirely to the bill, and answer as far as responsive to the bill, we think the order appealed from should be affirmed.

> *Order affirmed, and*
> *cause remanded.*

(Decided 16th July, 1879.)