THOMAS McCORMICK vs. JOHN McCORMICK ET AL.

*Motion to Dissolve Injunction— When Equity will Restrain Execution of Judgment—Judgment Debtor not Party to Bill for Partition.*

When a motion to dissolve an injunction is heard upon bill and answer, the responsive allegations of the answer must be taken as true, and if the equity of the bill is sworn away by the answer, the injunction will be dissolved.

A judgment was confessed under a power of attorney executed by the debtor. The judgment as entered bore interest from date. Some years afterwards the judgment was revived upon *scire facias,* which was made known to the debtor. Subsequently he asked to have the execution of the judgment restrained upon the ground that, according to the agreement upon which he consented to the entry of the judgment, the same was not to bear interest, and that he did not learn until recently that the judgment was entered so as to bear interest from date. *Held,* that the judgment debtor had notice of the terms of the judgment when the *scire facias* was made known to him, and should have then made the defense that the judgment was improperly entered, and that he is not now entitled to the aid of a Court of equity because that Court will not relieve against a judgment at law unless it can be impeached on grounds of which the party could not have availed himself at law, or was prevented from doing so by fraud, unmixed with any negligence on his own part.

Upon a bill for a sale of land for partition by one tenant in common against others, a judgment creditor or other incumbrancer is not affected, unless he is made a party to the proceedings, as is authorized by Code, Art. 16, sec. 129. If not made a party, the Court has no jurisdiction to restrain the execution of the judgment in such proceeding on the ground that it had been improperly entered.

When a judgment has been assigned to a tenant in common who is a party to a partition proceeding as such but is not made a party as a judgment creditor, the Court is without jurisdiction to determine the validity of the judgment in the partition suit.

*Decided November 16th, 1906.*

Appeal from Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*William G. Towers* (with whom was *Wm. M. Kalling* on the brief), for the appellant.

*C. Dodd McFarland* (with whom was *Peter J. Campbell* on the brief), for the appellees.

BURKE, J., delivered the opinion of the Court.

The parties to this suit are alleged in the bill to be tenants in common in the leasehold property located on the northwest corner of Harford avenue and Chase street in the city of Baltimore. The appellant, Thomas McCormick, on the 4th day of April, 1906, filed a bill in the Circuit Court No. 2, of Baltimore City, for the sale of the property under the provisions of *sec. 129, Art. 16, Code 1904.* John McCormick, Mary Ann McCormick, Samuel McCormick, and Elizabeth Kavanaugh, the other alleged co-tenants, were made parties defendants to the cause. The bill prayed for the sale of the property, and for the distribution of the proceeds of sale among the owners according to their respective rights and interests. Process was issued against the defendants as co-owners, who were returned summoned by the Sheriff of Baltimore City.

On the 9th day of July, 1888, in the Baltimore City Court, a judgment by confession had been entered against the complainant, Thomas McCormick, in favor of Joseph M. Brown "for the sum of $815, with interest from date and costs of suit." In this suit James McColgan, Esq., appeared for McCormick, and confessed the judgment in pursuance of a power of attorney from the defendant which read as follows: "I hereby authorize James McColgan, or any other attorney in Baltimore City to enter his appearance for me, and confess judgment on my behalf in favor of Joseph M. Brown for the sum of eight hundred and fifteen dollars, $815." On the 6th of July, 1900, three days before the statutory period of limitations would have accrued, a *scirie facias* was issued to revive the judgment, The writ was made known to McCormick, who failed to appear or plead, but permitted a judgment of *fiat executio* to be entered, which became final upon the expi-

ration of the term.    No mention was made of this judgment in the bill of complaint.

On the 12th of April, 1906, eight days after the filing of the bill, in consideration of the sum of $1,100, Brown entered the judgment to the use of Mary A. McCormick, one of the respondents, who caused a *fi. fa.* to be issued thereon.    Whereupon the complainant, on the 7th day of May, 1906, filed a petition in the cause in which he asked that Mary A. McCormick and the Sheriff of Baltimore City might be restrained from selling, or in any manner disposing of, or interfering with the property mentioned in the proceedings, pending the further determination of the cause.    The grounds upon which this relief was asked are stated in the 4th, 5th, 6th, 7th, 10th, and 11th paragraphs of the petition as follows: "4th. That at the time of signing said paper writing (being the power of attorney mentioned above) Aloysius C. Smith, the agent of said Joseph M. Brown, called at your petitioner's house, and promised and agreed with the petitioner that if he, your petitioner, would sign said paper, that the sum therein mentioned, $815, should not bear interest, and that the judgment to be entered in pursuance of said paper would be released upon the payment of said sum of $815, which promise and agreement was made to your petitioner in the presence of his wife, Catharine McCormick, as will appear by the affidavit herewith filed as part hereof, marked Exhibit No. 2, that it was this promise and agreement that induced your petitioner to sign said paper.    5th. That in pursuance of said promise and agreement made your petitioner as aforesaid, the attorneys appearing in the case in which a judgment was entered in favor of said Brown against your petitioner, which attorneys were in the employ of said Brown, struck out the word interest wherever the same appeared in the printed *narr.* filed in said case, wherein said judgment was entered against your petitioner, as will appear by reference to a certified copy thereof which is herewith filed as part hereof marked Exhibit 3.    6th. That instead of a judgment being entered as promised and agreed upon and the *narr.* filed therein, a judgment was entered

against your petitioner in favor of said Brown for the sum of $815 with interest from date, and your petitioner, relying entirely on the statements made him by said Smith and the honor and integrity of said Brown, gave the matter no further attention, until about the latter part of January of the present year, which was shortly after the death of his mother whereby he became entitled to his interest in the property mentioned in these proceedings, when he called on said Brown and tendered himself ready to pay said Brown the amount due thereon and have the judgment entered satisfied, and then, to his great surprise, discovered that said judgment had been entered so as to bear interest from its date, and the said Brown refused to accept from your petitioner the amount actually due and release him, or have said judgment entered satisfied, but demanded of your petitioner, before entering said judgment satisfied, the sum of $1,200.    10th. That notwithstanding the fact that the sum paid for said judgment is $1,200 and that your petitioner is entitled to a credit of $400 thereon with interest from the 25th day of January, 1892, the defendant has had issued from the Baltimore City Court, wherein said judgment was entered claiming therein that your petitioner owes her on said judgment the sum $1,715.20, which sum of $1,715.20 is more than a thousand dollars in excess of what your petitioner does justly owe thereon; that George W. Padgett, the Sheriff of Baltimore City, has notified your petitioner, by reason of the writ issued thereon by order of the said Mary Ann McCormick, that he will sell at the court house, Baltimore City, your petitioner's interest in said property in these proceedings mentioned, on the 11th day of May, 1906, as will appear by a copy of the advertisement thereof filed herewith as part hereof marked Exhibit No. 5.    11th. That said defendants to these proceedings had full knowledge of said agreement between your petitioner and the said Brown, your petitioner therefore avers and charges that the said Mary Ann McCormick is not an innocent purchaser thereof without knowledge, but on the contrary is seeking to waste and prevent your petitioner from receiving for his interest in said property what he would other-

wise receive if the property were sold in these proceedings."
An injunction was issued as prayed.

The defendants answered the petition under oath, and directly and specifically denied all the averments contained therein impeaching the validity of the judgment. Upon the filing of the answer, the defendants moved to dissolve the injunction. This motion was heard upon petition and answer, and resulted in the order of the 13th of June, 1906, dissolving the injunction. From this order the petitioner appealed.

It is a well settled rule of equity practice that where a motion to dissolve an injunction is heard upon bill and answer, the responsive allegations of the answer must be taken as true, and if the equity of the bill is sworn away by the answer the injunction must be dissolved. *Webster* v. *Hardesty*, 28 Md. 592; *Daugherty* v. *Piet*, 52 Md. 429; *Riggs* v. *Winterode*, 100 Md. 441.

As we have before stated, every allegation upon which the plaintiff relied to impeach the judgment was flatly denied in the answer, and in the absence of evidence produced at the hearing to support the averments of the petition, the Court was bound to take these denials as true.

But upon another and distinct ground it is perfectly obvious that a Court of equity had no jurisdiction, under the appellant's petition, to inquire into the validity of the judgment. The conditions which must exist to authorize a Court of chancery to restrain the execution of a judgment have been stated in many cases in this Court. In *Dilley et al.* v. *Bernard*, 8 G. & J. 171, where a bill was filed to restrain the execution of a judgment, the Court said: "In 6 G. & J. 312, this Court, in adverting to the doctrine of Courts of equity upon the subject of administering relief against judgments at law, after stating the general principle, say: 'That every person is bound to take care of and protect his own rights and interests, and to vindicate them in due season and in the proper place.' And then laid down the following well established general rule: "that a Court of equity will not relieve against a recovery in a trial at law, unless the justice

of the verdict can be impeached by facts, or on grounds of which the party seeking the aid of chancery could not have availed himself at law, or was prevented from doing it by fraud or accident, or the act of the opposite party, unmixed with any negligence or fault on his part."

The rule here laid down is wise, salutary and politic, and has received the sanction, not only of the English Courts of equity, but of the highest judicial tribunal in this Union. *Marine Insurance Company of Alexandria* v. *Hodgson*, 7 Cranch, 332. There, CHIEF JUSTICE MARSHALL, in delivering the opinion of the Court, says: "Without attempting to draw any precise line to which Courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgment obtained at law, it may safely be said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a Court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agent, will justify an application to a Court of chancery." This general doctrine has been recognized and applied by this Court whenever it has had occasion to deal with this subject.

The petition of the appellant does not state a case within this rule. Assuming that the judgment had been originally obtained by the fraud of Brown's agent, Smith, which averment is denied by the answer, it appears by Exhibit 4 filed with the petition that the writ of *scirie facias* was made known to him, and that he was thus made acquainted with the terms of the judgment, and if the judgment had been improperly entered, as he now contends, he had ample opportunity, and it was his duty, to have appeared and made defense. Having neglected to avail himself of any rights, or defenses he may have had to the judgment, he cannot ask a Court of equity to relieve him against the consequences of his own negligence. "It is perfectly well settled, that if a party has a good defense at law, and neglects to avail himself of it there, in the proper way, and at the proper time, or if he suffers judgment to go against him

by neglect, he can have no relief in a Court of equity." *Gorsuch* v. *Thomas*, 57 Md. 339.

In *Thurston* v. *Minke*, 32 Md. 571, which was a proceeding by one tenant in common against his co-tenant for the sale of the common property, JUDGE ALVEY, said that "as a general rule, an incumbrancer, as mortgagee or judgment creditor, is not a proper party to a proceeding like the present. His rights cannot be affected either by sale, or partition, nor can any relief be prayed against him in such a proceeding." But this rule has been changed by the *Act of 1904, ch. 535*, which provides that in such a suit "persons holding mortgages and other incumbrances on said land, or an undivided interest therein may be made parties to said bill, and said lands or interest therein shall be sold free and clear of such mortgages or other incumbrances." The record does not show a state of facts which bring this case within the provisions of that Act. Joseph M. Brown was the holder of the judgment at the time the bill was filed, and he was not made a party to the cause. Mary A. McCormick, to whose use the judgment was subsequently assigned, was made a party defendant as co-owner with the appellant of the property, but she was not made a party as the holder of the judgment, and no application was made to the Court to make her a party in her right as a judgment creditor, and, therefore, her rights as a judgment creditor of Thomas McCormick must be determined in this proceeding apart from the Act mentioned, and when thus considered, for the reasons stated, the Court had no power to restrain the execution of the judgment. It follows that the order appealed against must be affirmed.

> *Order affirmed, the appellant to pay*
> *the costs above and below.*