(Decided 22nd February, 1873.)

HENRIETTA BUMP and SAMUEL C. BUMP *vs.* JAMES B. SANNER.

*Easement— Way— Alley— Grant of use of an Alley enures to benefit of Grantee as Proprietor of contiguous ground— Irrelevant Evidence.*

B.; a *feme covert,* was the leasehold owner for ninety-nine years, renewable forever, of a lot in Baltimore, extending back to a four foot alley, "with the use thereof in common;" the said alley having been laid off by an original lessor for the common use of four lots of which B's was the southernmost. S. the owner of the northernmost of the four lots, built a fence across the alley a few inches south of his northernmost line, whereupon B. and her husband brought suit against S., to recover damages for the obstruction. At the trial, S. offered evidence, which was excluded, to show that the husband

Bump *vs.* Sanner.

·· of B. was the owner, under another lessor, of ground adjoining the four
lots and the alley on the north.  HELD :

1st.  That the alley being a way appendant or easement appurtenant to the
estate of B., its use, as such appurtenance, was to be enjoyed in a manner
consistent with the use of S. and others claiming under the same lessor, and
could be restricted only thereby.

2nd.  That the grant of the use of the alley extended to the extreme northern
line of the four lots, and therefore that the obstruction placed upon it by S.
was an invasion of the legal rights of B. for which an action could be
maintained.

3rd.  That in such case the question of damages is exclusively for the jury.

4th.  That the circumstance that the husband of B. was the owner of the con-
tiguous property at the north-end of the alley, did not affect the rights of
the parties in this suit, and evidence thereof was properly excluded.

5th.  That the grant of the use of the alley included the right of entrance to
or exit from the north as well as the south-end, if not obstructed by the
adjoining proprietor.

APPEAL from the Superior Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT,
MILLER, ALVEY, and ROBINSON, J.

*O. F. Bump*, for the appellants.

The grant is not of a *part* of an alley, but of the *whole*
alley.  The use which is to be enjoyed under the grant
is shown by the term "alley."

A way imports a passage across a field, and may be
closed with gates.  An alley imports an open passage.
An alley may be used by the owners for all the purposes
for which a public street is used by the public.  In the
character of use, an alley does not differ from a pub-
lic street.  The only difference between a private alley
and a street is in the number of persons who are entitled
to use them.  Alleys are recognized as having a charac-

ter of publicity, and are subject to municipal regulations. *Code Public Local Laws, Art.* 4, *sec.* 798.

This alley is appendant to an estate, and the lease does not designate or limit the purposes for which the estate may be used. The lease being for ninety-nine years renewable forever, it follows that the grantor intended to part with his possessory interest forever, and to let the grantee use the property, and change the use from time to time at will.

The grant is general, and a general grant imports a use for all purposes. *Washburn on Easements,* 160 ; *Warner vs. Green, Comyn.,* 114 ; *Henning vs. Burnet,* 8 *Exch.,* 187 ; *Cemetery Co. vs. Eden,* 81 *E. C. L.,* 42.

The construction of a grant is a question for the Court. *Gale on Easements,* 503 ; *Williams vs. James, L. R.,* 2 *C. P.,* 577.

There is a distinction between a grant and a prescription. Prescription is limited by the use, and a use to go to Whiteacre will not confer a right to continue on to Blackacre. It is different however with a grant. *Gale on Easements,* 501, (330 ;) *Saunders vs. Mose, Rolle's Abr. Chemin, Private pl.* 2 ; *Ibid pl.* 1

After the grant of a way, the fee remains in the grantor. The only rights of the grantee are those derived from his grant. Nearly all the English cases arose in contests between the grantor and grantee. Could the lessors in this case maintain an action of trespass against the lessee for passing along the alley to the land at the upper end? This is the test of the appellants' rights.

A wall cannot be erected across the terminus. *Goddard on Easements,* 4 ; *Phillips vs. Treeby,* 3 *Giff.,* 632 ; 8 *Jur. N. S.,* 711, 999.

The right of the plaintiff, and the erection of the obstructions are the only points in controversy. The evidence excepted to had no bearing on those points.

The question in regard to the infringement of the plaintiff's rights should at all events have been left to the jury.

*Hawkins vs. Carbines,* 3 *H. & N.,* 914; *Skull vs. Glenister,* 111 *E. C. L.,* 81; *Cowling vs. Hugginson,* 4 *M. & W.,* 245.

*Michael A. Mullin,* for the appellee.

The evidence excepted to was admissible to show the *animus* of the parties and affect the measure of damages. *Zimmerman vs. Hesler,* 32 *Md.,* 277.

It was admissible to show the real object of the action, to prove that the alleged disturbance was no more than a justifiable stoppage on the part of Sanner to an improper use of the alley for the purposes of Samuel C. Bump's lot under cover of his wife's title. *Goddard on Easements,* 229, 230.

The plaintiff to maintain her action must show, first, that she had a right of way at the point of obstruction, and secondly, that she was obstructed in such right by the act of the defendant. She does not claim a way *in gross.* From the averments in the declaration and the proof, she claimed the use of the four foot alley in common.

The plaintiff's case rests on the theory that Mrs. Bump was entitled to the use of said alley to the last inch; the defendant contends that he is not responsible in damages to her unless he has obstructed her in the convenient enjoyment of the alley for any useful or proper purpose for which it might be used, as appurtenant to her lot. There was no evidence whatever to show for what useful or proper purpose incident to the occupation or ownership of her lot, the alley could be used at the place where the fence was erected. It was as near as practicable to the end of the alley where there was no exit whatever.

The only use of the alley in which the plaintiff was obstructed by the action of the defendant was going to and from the lot leased by her husband, and to such use she was not entitled under her lease. *Howell vs. King,* 1 *Mod.,* 190; *Lawton vs. Ward,* 1 *Ld. Raym.,* 75; *Skull vs.*

*Glenister*, 16 *C. B., N. S.* (111 *E. C. L.*,) 100 ; *French vs. Marstin*, 32 *N. H.*, 316, (4 *Fost.*, 440;) *Colchester vs. Roberts*, 4 *M. & W*, 769 ; *Lewis vs. Carstairs*, 6 *Wharton*, 193 ; *Goddard on Easements*, 209 ; *Davenport vs. Lamson*, 21 *Pick.*, 72.

The alley is simply the space within which the plaintiff is entitled to a right of way. She has no action against every trespasser whom the owner of the soil may sue. If there be no interference with her convenient way for the useful and proper purposes of her lot she cannot recover. *Johnson vs. Kennicutt*, 2 *Cush.*, 153 ; *Jackson vs. Allen*, 3 *Cowen*, 220 ; *Goddard on Easements*, 213 ; *Hutton vs. Hamboro*, 2 *Foster & Fin.*, 218.

As the rights of the parties appear from the deeds it was within the province of the Court below to give the instruction excepted to. *Williams vs. James, Law. Rep.*, (2 *C. P.*) 581 ; *Gale on Easements, (m.*, 331,) 503 ; *Goddard on Easements*, 204.

BARTOL, C. J., delivered the opinion of the Court.

It appears from the bills of exceptions in this case that in 1867 Thomas F. Johnson and others, being the owners in fee of a parcel of ground in the city of Baltimore, lying on the north side of West Pratt street, and extending to Chester street on the east, and Castle street on the west, proceeded to lay it off in building lots, with alleys contiguous thereto, as designated on the plat referred to in the evidence. There are ten lots on Pratt street, extending north to the depth of one hundred feet—at the rear of which is an alley ten feet wide, extending from Chester to Castle street. At the north of the ten foot alley are four lots fronting on the west side of Chester street extending westwardly one hundred feet, and at the rear of these is an alley four feet wide, extending from the ten foot alley northwardly to the limits of Johnson's ground.

Henrietta Bump, the appellant, is the owner or lessee for ninety-nine years, renewable forever, of the lot lying next to the ten foot alley, fronting on Chester street, and running back to and bounding on the four foot alley. The lease under which she holds, made by Johnson in 1868, conveys to her in terms "*the use of the four foot alley in common.*"

The appellee, who was defendant below, holds as lessee of Johnson, the northernmost lot fronting on Chester street, running back to the four foot alley, with the like use thereof in common.

It appears that the defendant placed an obstruction upon the four foot alley at the rear of his lot, by erecting a fence across it a few inches from the northernmost line or limits of the original Johnson lot. It is to recover damages for this obstruction this suit was instituted.

At the trial two bills of exceptions were taken.

1st. The defendant offered to prove that Samuel . C. Bump owned the piece of ground next adjoining the ground described in the plat, on the north thereof, extending from Chester to Castle street, under a lease from Jos. Williams, (which was produced;) and that said piece of ground had at the time of the erection of the fence mentioned, been recently improved by Samuel C. Bump, by the erection of three houses, fronting on Castle street, and two on Chester street. This evidence was objected to by the plaintiffs as inadmissible, but the objection was overruled and the evidence admitted, and to this ruling the first bill of exceptions was taken.

The second exception was taken to the rejection of the plaintiffs' prayer, and to the instruction given to the jury, "that there was no evidence in the case of any obstruction to any right of way, which the plaintiffs are entitled to claim under the deeds offered in evidence."

It thus appears that the question presented by the appeal is the nature and extent of the plaintiffs' right to

the use of the four foot alley ; and this depends upon the construction of the lease, which seems to us to be quite free from doubt or difficulty.

The words of the grant are *"to a four foot alley with the use thereof in common."* There is no question as to the alley referred to in the lease, or its dimensions and extent ; it was in existence at the time of the lease, and extended as designated on the plat from the ten foot alley on the south, to the northern line or limits of the "Johnson lot."

It is a way appendant ; or easement appurtenant to the property described in the lease, and therefore to be used in connection with and for the benefit of that property. The use granted is one to be enjoyed *"in common,"* that is to say, in such manner as is consistent with the use thereof, granted to the defendant and others, lessees of Johnson of the adjoining lots abutting upon the alley. Subject to this common right, to be enjoyed by others, the plaintiffs are not restricted in the use of the alley, otherwise than that its use must be, as we have before said, annexed to and connected with the occupation of the estate to which it is appendant ; and reasonable and proper for the enjoyment of the estate granted.

On these propositions we understand the counsel to agree.

The question is what are the limits and extent of the *alley* itself, to the use of which the plaintiffs are entitled ? This appears to us to be a very plain question, easy of solution.    The grant is of the use of the alley to its whole extent as it then existed, that is the extreme limits or northern line of the "Johnson lot."    This includes as it is correctly said in the appellants' brief, "the last inch as well as the first inch," and therefore it is clear that the fence or obstruction placed upon it by the defendant is an invasion of the plaintiffs' legal rights, for which an action

may be maintained. The question of damages is of course exclusively for the jury.

. The contention on the part of the defendant is that "if the alley were left open at its northern extremity, not only could the tenants of the five houses on the Williams' lot, pass out and repass over the alley at pleasure, but the slope of the ground being southerly, (as was shown by the evidence,) the waste water and offal from said houses would incommode the defendant in the enjoyment of his house, and of this four foot alley appurtenant thereto." And to prevent this, the defendant it is supposed had the right to place across the alley the obstruction complained of.

We cannot sanction this proposition; supposing the facts to be as alleged, the defendant has mistaken his remedy, that he might assert by action against the parties who cause him the injury and damage; but it cannot give him the right to close the alley; and deprive the plaintiffs of the use of it or any part of it.

It is suggested that the object of the plaintiffs in bringing this suit is to enable them to use the alley in question for the benefit of the contiguous property, on the north of which Samuel C. Bump is now the owner; and for this purpose the testimony in the first bill of exceptions was offered. And to show that the plaintiffs could not lawfully use the alley for such purposes, we have been referred to a number of cases, among them are *Howell vs. King*, 1 *Mod.*, 190; *Lawton vs. Ward*, 1 *Ld. Raym.*, 75; *Skull vs. Glenister*, 111 *E. C. L.*, 81; *French vs. Marstin*, 32 *N. H.*, 316; *Colchester vs. Roberts*, 4 *M. & W.*, 769.

If this were a suit instituted by the appellee against Bump for an interruption of the appellee's right to the use of the alley, caused by the unauthorized use of it by Bump for the purposes of the property held under his lease from Williams, these authorities would be applicable; but

they have no application to the question involved in this case, which relates exclusively to the legal right of the plaintiffs to the use of the alley, as appurtenant to the property leased by Johnson, and to the invasion of that right by the defendant.

In *Lawton vs. Ward*, and *Howell vs. King*, the ways claimed were by prescription, the right to which and their extent were limited and fixed by their customary use. Here the right is fixed by the words of the grant, which as we have said includes the use of the alley to the whole extent, and necessarily the free right of entrance to or exit from the north end as well as the south end; provided such entrance or exit is not obstructed by the adjoining proprietor.

The circumstance that Samuel C. Bump, one of the plaintiffs, happens to be the owner of the contiguous property at the north end of the alley, in no manner affects the rights of the parties in this suit; and the testimony in the first bill of exceptions was therefore irrelevant and ought to have been excluded.

The case of *Johnson vs. Kennicut*, 2 *Cush.*, 153, cited and much relied on by the appellee's counsel, is not applicable to this case. There the limits of the way were not defined, and the Court held that the party could not complain of partial obstructions at the side; provided he was left in the enjoyment of a reasonable way for the purposes contemplated by the grant, because by the terms of the grant that was all he was entitled to claim. Other cases to the same effect were cited by the appellee's counsel in the argument, but they need not be referred to here.

We have been referred to the case of *Phillips vs. Treeby*, decided first by V. C. STEWART, and afterwards affirmed on appeal—reported in 8 *Jur. N. S.*, (*p.* 1, 1862,) 711 and 999—which we think fully supports the views we have expressed as to the construction of the lease, and the

Bump *vs.* Sanner.

extent of the plaintiffs' rights to the use of the alley, if any authority were needed for that purpose.

Being of opinion that there was error in the instruction given to the jury in this case, and in rejecting the appellants' prayer, the judgment will be reversed, and a new trial ordered.

*Judgment reversed*
*and new trial ordered.*

(Decided 22nd February, 1873.)