# ANNIE M. ADAMS

## *vs.*

## PENINSULA PRODUCE EXCHANGE.

*Right of Way Over Street—Express Grant—Estoppel to Assert—Injunction Against Obstruction.*

Where a plat which is referred to and made a part of a deed shows the exact location and contains a full description of certan streets, it cannot be contended that a grant in such deed of a right of way over all the private roads and streets laid down on said plat does not sufficiently describe the right of way.     p. 660

The rule that where the owner of a piece of land lays it out in lots and streets and sells lots calling to bind on such streets, he thereby dedicates the streets so laid out to public use, and a purchaser of a lot binding on one of the streets is entitled to a right of way thereover to its full extent until it reaches some other street or public way, cannot limit the right of a purchaser to whom there is an express grant of a right of way over the streets so laid out over the land of the grantor.            p. 660

A grantor cannot by any subsequent act or conduct on her part deprive her grantee of the subject of an express grant.

p. 660

That one, to whom a right of way over certain property was granted in express terms, was subsequently, as a tenant in common of such property under a devise, a party to an equity proceeding in which a partition sale was made of such property, did not estop her from claiming the right of way, no reference being made in the bill to such right of way, no attempt being made to deprive her of that right, she being made a party to the cause merely as one of the tenants in common, and the only interest decreed to be sold being the interest of the parties as tenants in common, for the purpose of dividing the proceeds among them.                                          p. 661

Where, after a right of way has been granted over certain streets designated on a plat of land, the owner of the land pro-

ceeds, in spite of the protest of the owner of the right of way, to plough the land included in the beds of the streets, with a view to its cultivation, an injunction may issue to prevent such interference with and destruction of such right.          p. 662

*Decided June 27th, 1921.*

Appeal from the Circuit Court for Worcester County, In Equity (BAILEY, J.).

Bill by Annie Adams against the Peninsula Produce Exchange of Maryland for an injunction. From a decree for defendant, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*George H. Myers,* with whom were *Miles & Myers* on the brief, for the appellant.

*James E. Ellegood,* with whom were *James M. Crockett, Chas. O. Melvin* and *Ellegood, Freeny & Wailes* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the court.

In 1916, Mary C. Quinn owned a farm or large parcel of land in Worcester County, Maryland, containing about one hundred acres, a part of which was located within the corporate limits of Pocomoke City. In July of that year she caused about twenty acres of said land lying between Clark Avenue and Pocomoke River, to be surveyed and laid off into streets and building lots, and a plat made of the same showing the location of the streets and lots, and giving the number and courses and distances of each lot, with the view of selling the lots at an auction sale. After the completion of the survey and plat the streets and lots were staked off accordingly, and the streets were ploughed and levelled and the lots numbered. The sale was advertised as a "grand auction sale"

of building lots, to take place on the property on the 28th of
October, 1916, at which a brass band would "be in attend-
ance" and valuable prizes would be given away. On the day
of sale the lots were offered for sale according to the plat, but
after the sale of lots Nos. 2, 3, 15 and 16 to William A.
Powell, lots Nos. 5 and 18 to James C. Lang, and lots Nos.
6, 7, 19 and 20 to Carrie M. Phillips, the sale was stopped
as the result of a disagreement between the parties represent-
ing Mrs. Quinn.

In the deed to William A. Powell, dated November 3rd,
1916, the lots sold to him were described with reference to
the streets shown on the plat mentioned, and as "being lots
Nos. 2 and 3 fronting on Clark Avenue, and Nos. 15 and
16 fronting on Quinn Avenue" on said plat, "filed herewith,
to be recorded herewith, as a part of this deed and all subse-
quent deeds of the lots represented thereon, * * * together
with the right of way to the said William A. Powell, his heirs
and assigns, as an appurtenant to the said land hereby con-
veyed, over all the private roads and streets laid down on said
plat, in common with the owners of the other lots laid down
on said plat, their heirs and assigns." In the deed to James
C. Lang for lots Nos. 5 and 18 sold to him they were de-
scribed as "being lots Nos. 5 and 18, No. 5 fronting fifty feet
on Clark Avenue and No. 18 fronting fifty feet on Quinn
Avenue, on said plat," which was referred to as having been
filed and recorded with said deed to Powell, and Lang's deed
also contained the grant to him, his heirs and assigns, of a
right of way "over all the private roads and streets laid down
on said plat" as "an appurtenant" to his said lots.

All of the lots sold at said sale, except the two sold to James
C. Lang, were subsequently acquired in the fall of 1916 by
the Peninsula Produce Exchange, a corporation, and the ap-
pellee in this case, and lots Nos. 5 and 18 were, in December,
1916, conveyed by James C. Lang and his wife to the appel-
lant, Annie M. Adams, and in the deeds to the appellee and
appellant the rights of way or easements conveyed in the orig-

inal deeds from Mrs. Quinn were referred to and expressly granted.

Mrs. Quinn died in May, 1917, leaving a last will and testament, by which she devised all her real estate, consisting in part of the balance of the land that had been divided into streets and lots, to her four children, one of whom was Annie M. Adams, and in July, 1917, a bill was filed in the Circuit Court for Worcester County by Mrs. Quinn's son, and his wife, and one of her daughters, and her husband, against Mrs. Adams, and her husband, and the children of a deceased daughter, for a sale of said real estate and a division of the proceeds, on the ground that the property was not susceptible of partition. A decree was passed, and the property was offered for sale at public sale by the trustee appointed by the court and was withdrawn because of his failure to get a satisfactory bid. The property was afterwards sold at private sale to the appellee, and the sale was finally ratified by the court.

After the sale and conveyance of the property by the trustee to the appellee, the appellee, against the protest of the appellant, proceeded to plough the land included in the beds of the streets referred to in said plat and in the deeds given by Mrs. Quinn, with the view of cultivating the same, whereupon Mrs. Adams, the appellant, brought this suit in the Circuit Court for Worcester County to enjoin the appellee from such interference with and destruction of her right of way over said streets, and this appeal is from the decree of the court below denying the relief prayed and dismissing her bill.

The appellee contends (1) that an easement will not pass as an appurtenance unless it is necessary for the full enjoyment of the property granted, (2) that the deeds under which the appellant claims do not contain a sufficient description of the right of way demanded by her, (3) that the reference to the streets in the deed does not amount to a dedication of the streets, and that even if it did the appellant would only be entitled to access to Clark Avenue, which is the nearest public street, and (4) that the appellant is estopped from claim-

ing a right of way over the other streets described in the plat and deeds, because Mrs. Quinn in her lifetime abandoned the plan to sell the property surveyed in lots, and used the balance not sold by her as a part of her farm, and also by the equity proceedings in which all of Mrs. Quinn's real estate was sold without any reservation.

In reference to the second contention of the appellee, it is only necessary to say that the plat referred to shows the exact location and contains a full description of the streets mentioned, and the plat, which was duly recorded, is referred to in and made a part of the deeds to Lang and the appellant. The answer to the first and third objections of the appellee is that the appellant is not claiming a right of way over the streets on the theory of an *implied* grant of a way of necessity, or that the deeds amount to a *dedication* of the streets, but relies on an *express grant* of the right of way. The rule that where the owner of a piece of land lays it out in lots and streets and sells lots calling to bind on such streets he thereby dedicates the streets so laid out to public use, and a purchaser of a lot binding on one of the streets is entitled to a right of way over it to its full extent and dimensions until it reaches some other street or public way, on the doctrine of an implied covenant in the grant to him (*Hawley* v. *Baltimore,* 33 Md. 270; *Stover* v. *Steffey,* 115 Md. 524), cannot limit the right of a purchaser to whom there is an *express grant* of a right of way over the streets so laid out over the land of the grantor. In the case of *Stover* v. *Steffey, supra,* JUDGE PATTISON was careful to call attention to the fact in that case that none of the deeds professed to convey to the grantee "any title to, interest in, or use of said park lot" described in the plat.

It would seem unnecessary to say that a grantor cannot by any subsequent act or conduct on her part deprive her grantee of the subject of an express grant. Nor can the sale by the trustee after Mrs. Quinn's death of the remaining land in the equity proceedings referred to estop the appellant from asserting her claim to the right of way conveyed to her. The bill in that case was filed for the sale of the land of which

Mrs. Quinn died seised and possessed, on the ground that it was not susceptible of partition, and for the purpose of a division of the proceeds among those entitled thereto, including the appellant. The proceedings were not intended to affect any interest she had in the land except such interest as she held in common with the other parties to the cause. No reference is made in the bill to the right of way of the appellant over the land sought to be sold, no attempt was made to deprive her of that right, she was not made a party to the cause except as one of the tenants in common, and the only interest decreed to be sold was the interest the parties had as *tenants in common* of the property, for the purpose of dividing the proceeds *among them.* All of the parties to the cause, and the purchaser of the property from the trustee, had, prior to the filing of the bill, both constructive and actual knowledge of the appellant's right of way, and to hold that the sale deprived her of such right would be giving it an effect beyond the scope and purpose of the proceedings. Prior to the Act of 1904, Chapter 535, even a mortgagee or judgment creditor of one of the tenants in common was not a proper party in proceedings under Section 137 of Article 16 of the Code, and JUDGE ALVEY said in *Thruston* v. *Minke,* 32 Md. 571, that his rights could not be affected either by a sale or partition, that he could not be compelled to join in the partition, and that no relief could be prayed against him in such a proceeding; and in the case of *McCormick* v. *McCormick,* 104 Md. 331, where one of the joint owners, who was a party to the proceedings, was also a judgment creditor of another party, but had not been made a party as the holder of the judgment, JUDGE BURKE, speaking for this court, said that her rights as judgment creditor should be determined without reference to the Act of 1904, and that the court had no power to restrain the execution of the judgment.

The learned court below denied the relief prayed and dismissed the plaintiff's bill on the ground that the plaintiff could be adequately compensated for the slight injury sustained by reason of the acts of the defendant "in damages at law." In

the case of *Chesapeake Co.* v. *Mt. Vernon Co.,* 107 Md. 532, the court said: "The decisions in this State are uniform that while an injunction will not lie to restrain a mere trespass, it will lie when the injury is destructive of the estate, as it has been held and enjoyed, or where full and adequate relief cannot be granted at law, or where it is necessary to prevent a multiplicity of suits." In the case of *Oberheim* v. *Reeside,* 116 Md. 275, the court said: "It is urged, however, that the injury complained of is not irreparable and that the plaintiffs have an adequate legal remedy by an action for damages. The record shows, as already stated, that the alley has been completely obstructed. It is entirely and finally destroyed for the purpose it was intended to serve, if the structures erected by the defendants are permitted to be maintained. The rule has been repeatedly declared that where a trespass works a destruction of the estate in the character in which the complainant was entitled to enjoy it, a proper case is presented for relief by injunction," and in the still later case of *Douglass* v. *Riggin,* 123 Md., this court said, on page 23: "The right of the appellee, however, to continue the use of the way is vigorously disputed. It is not a case in which the owners of the fee in the ground are attempting to improve it with due regard for the rights of the party entitled to an easement. The appellants were proceeding with the work upon the distinct theory that the appellee had no interest in the premises which they are required to recognize. As their action was in direct opposition to her right and was effectually preventing her customary use of the way, the case properly admits of relief by injunction." See also 9 *R. C. L.* 821; 19 *Corpus Juris,* 994; and *Ball* v. *Allen,* 216 Mass. 469. The facts of this case bring it clearly within the rule established by the authorities quoted and cited, and the plaintiff was entitled to the relief sought in her bill.

*Decree reversed with costs, and cause remanded for a decree in accordance with the opinion of this court.*