BROOKS ET UX. *v.* VOIGHT ET UX.

[No. 92, September Term, 1960.]

*Decided January 9, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Paul J. Wilkinson,* with whom was *Philip B. Smith* on the brief, for appellants.

*James C. Burch,* for appellees.

BRUNE, C. J., delivered the opinion of the Court.

L. Scott Brooks and his wife appeal from a decree of the Circuit Court for Baltimore County, sitting in equity, declaring that Walter H. Voight and his wife are "entitled to the unrestricted use in common with others entitled thereto, of the fifteen foot alley running north from a forty foot avenue now known as McCurdy Avenue for a distance of approximately 170.67 feet, said alley lying between lots 5 and 6 as shown on a plat of 'Mrs. Mary A. Shealey's Land' filed January 13, 1882 in the Circuit Court for Baltimore County, in Equity * * *" and, in addition enjoining the appellants from obstructing the alley in any way which would prevent the appellees' use thereof as an alley.

At issue on this appeal is the extent of the appellees' easement in this fifteen foot alley. The question is whether they are entitled to the use of the alley over its entire length or only over that part of it upon which their property binds and which is necessary to give them access from the rear of their property to a public street or road (McCurdy Avenue).

The title to the appellees' lot is derived under a deed dated April 7, 1883, from Receivers appointed by the Circuit Court for Baltimore County to sell the property of Mrs. Shealey, to Dr. Alexander C. McCurdy, which deed conveyed in fee simple the property described as follows:

> "Beginning for the same on the east side of the Baltimore and Yorktown Turnpike Road at the intersection of said Turnpike Road with the north side of a forty foot avenue, and running thence binding on the north side of said avenue, north 73 degrees east one hundred and one feet and six-tenths of a foot to a fifteen foot alley with the use and privilege of said alley in common with others, thence binding on said alley north twenty-seven and one-half degrees west fifty feet, thence parallel with said forty foot avenue south seventy-three degrees west one hundred and one feet and six-tenths of a foot to the aforesaid Turnpike Road, and thence binding on the

east side of the same, south twenty-seven and one-half degrees east fifty feet to the place of beginning.

(Being a part of Lot No. 5 as the same is designated on plat of Mrs. Mary Ann Shealey's estate filed among the proceedings in the above entitled cause)."

This plat was also recorded in Baltimore County Plat Book No. 1, folio 132.

By mesne conveyances, title to Dr. McCurdy's lot, without change in description, is now vested in the appellees. The deed to them describes it as binding on the fifteen foot alley "with the use and privilege of said alley in common with others * * *." Similar provisions are found in two deeds to the appellants under which they acquired other parts of Lots Nos. 5 and 6 shown on the Shealey plat and binding on this alley. It is stipulated by the parties that the appellants have fee simple title to the entire bed of the fifteen foot alley with the exception of a strip 7½ feet wide by 50 feet long adjoining the easternmost end of the appellees' lot and that the appellants also have fee simple title to all of the land adjoining the fifteen foot alley with the exception of the appellees' lot and the lot of one Stephens, whose deed, by its terms, specifically denied him any right, title or interest in the alley.

The appellees operate a clothing store on their property. Their lot fronts 50 feet on York Road and extends east along the north side of McCurdy Avenue to the alley in question. The alley, in turn, at its southern extremity opens into Mc-Curdy Avenue, and at its northernmost point terminates at the appellants' property. The appellants use their property as a funeral home and have utilized the alley as a parking facility for their patrons and as an entrance to their parking lot, which lies at the northern terminus of the alley. The appellants recognize that the appellees are entitled, in common with others, to use that part of the alley which abuts upon their lot and which is necessary for access to McCurdy Avenue, but they deny that the appellees are entitled to use the entire alley or any part of it north of their property line and have attempted to deny access to the appellees to any part of

the alley north of that line. As a consequence, the appellees brought this suit, which resulted in the decree appealed from.

The appellants contend that the northern stub of the alley is of no use to the appellees, that it was not the intention of the parties to the original deed that a greater easement in the alley should be granted, either expressly or impliedly, then what was needed for access to the public road and that this should be held to be the extent of the grant. Most of the authorities which they cite, such as *Chapman v. Rogan,* 222 Md. 12, 158 A. 2d 626, are concerned with implied, rather than express grants of easements, and hence are not applicable. This distinction was pointed out in the *Chapman* case (222 Md. at p. 20).

The trial court held, and we now hold, that the appellees' easement, acquired by express grant, is coextensive with the entire length of the alley as "shown on a plat of 'Mrs. Mary A. Shealey's Land' filed January 13, 1882 in the Circuit Court for Baltimore County, in Equity." An express grant of the right to the use of an alley carries the right to use the whole of the alley. *Bump v. Sanner,* 37 Md. 621, 627; *Adams v. Peninsula Produce Exchange,* 138 Md. 656, 115 A. 106; *Atlantic Construction Corp. v. Shadburn,* 216 Md. 44, 139 A. 2d 339. Cases of implied grant, such as *Chapman v. Rogan, supra,* are not applicable, and no question of dedication is here presented.

In *Bump v. Sanner, supra,* Henrietta Bump, the plaintiff, had acquired by express grant the right to the use of an alley in common with others. This alley was in existence at the time of her acquisition and had been designated on a filed plat prior to that time. There, as here, the defendant had chosen to deny the plaintiffs the use of a portion of the alley. This Court held that "[t]he grant is of the use of the alley to its whole extent as it then existed, * * *. This includes, as it is correctly said in the appellants' brief, 'the last inch as well as the first inch,' and therefore it is clear that the fence or obstruction placed upon it by the defendant is an invasion of the plaintiffs' legal rights for which an action may be maintained."

In the instant case it is not clear when the alley was physically established, though it was shown to have been in existence for many years—long before either the appellants or the appellees acquired their properties. Since, however, the location of the alley was clearly shown by the plat referred to, it is immaterial that it may not have been physically laid out prior to the grant to the appellees' predecessor in title, Dr. McCurdy. *Oberheim v. Reeside,* 116 Md. 265, 81 A. 590.

*Adams v. Peninsula Produce Exchange, supra,* rejects as inapplicable to cases of express grant, the rule applicable in cases of implied grant that the easement extends only until it reaches some public way or street (138 Md., at 660). The *Adams* case further shows that it is of no importance that the grantor may not have carried out a plan to sell off in lots other property shown on the plat.

As was stated in *Atlantic Construction Corp. v. Shadburn, supra,* at p. 51, in reference to an alley named in a deed, which was to be used in common: "It is obvious that if the owner of any lot or lots had the right to close or obstruct the alley at any point, the use thereof would not be in common * * *. When the right to an easement is derived by express grant, it is, of course, coextensive with the grant, and the questions of dedication, estoppel and implied grants have no application. *Adams v. Peninsula Produce Exchange,* 138 Md. 656, 115 A. 106; 3 *Tiffany Real Property,* (3rd Ed.), [§] 800."

To be coextensive with the grant, the easement in the case presently before us would necessarily include the appellees' right to use the entire length and width of the alley as it existed at the time of the original conveyance of the lot to Dr. McCurdy and as designated on the plat filed by the Receivers appointed to sell the property of Mary Shealey. It follows that, as the trial court held, the appellees are entitled to the unrestricted use, in common with others entitled thereto, of the whole of the fifteen foot alley.

*Decree affirmed, with costs.*