*Christina Issar, Personal Representative of the Estate of Benjamin P. Robertson, III v. Barbara Robertson, et al.*
No. 2112, September Term, 2023.
Opinion by Shaw, J.

**REAL PROPERTY – TRANSFER OF TITLE – DEED REQUIREMENTS**

The ability to transfer the title of real property is not limited to Md. Code Ann., Real Property ("RP") § 3-101(a)'s requirement that a deed must be granted and recorded. RP § 3-101(b) explicitly allows for the transfer of property by other lawful means, notwithstanding the language of RP § 3-101(a). RP § 5-103 provides that the transfer of property may occur by operation of law. In such instances, a deed may not be required to effectively transfer the title of real property.

**REAL PROPERTY – TRANSFER OF TITLE BY OPERATION OF LAW – DIVORCE DECREE**

A valid marital agreement executed by spouses to transfer real property is a valid transfer of title by operation of law pursuant to RP § 5-103 where the trial court incorporates the agreement into the issuance of a divorce decree. In such instances, the execution of a deed prior to the issuance of a divorce decree is not required for the title of real property to be effectively transferred.

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 2112

September Term, 2023

_____

CHRISTINA ISSAR, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
BENJAMIN P. ROBERTSON, III

v.

BARBARA ROBERTSON, ET AL.

_____

Shaw,
Kehoe, S.,
Eyler, James R.,
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Shaw, J.

_____

Filed: May 6, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Appellant, Christina Issar, is the personal representative of the Estate of Benjamin P. Robertson, III. She appeals the grant of a motion for partial summary judgment and a declaratory judgment by the Circuit Court for Charles County in favor of Appellees, Barbara Robertson, Erik Robertson, and the HJJR Irrevocable Trust, declaring that the trust, and not the estate, is the owner of real property located at 13665 Ballantrae Lane, Waldorf, Maryland.

Appellant presents three questions for our review, which we have slightly reordered and rephrased:[1]

1. Did the Circuit Court err in finding that language in the marital settlement agreement, trust, and will, by operation of law, transferred real property, when neither party executed a deed?

---

[1] Appellant's brief originally ordered the questions presented as the following:

1. Did the Circuit Court err by granting summary judgment on a declaratory judgment claim regarding the rightful owner of a real property when (1) movant and non-movant presented the Circuit Court with conflicting material facts alleging to establish their ownership rights to the property and basis for a statutory time bar and (2) the Circuit Court evaluated disputed allegations in support of its summary judgment decision?

2. Did the Circuit Court err by finding that language in a marital settlement agreement, trust, and will, by operation of law, itself accomplishes the transfer of real property to a specific trust when neither party executed (or even drafted) a deed for that real property's transfer?

3. Did the Circuit Court err by finding a potential claimant to an estate in probate can assert a claim for declaratory judgment in the Circuit Court related to a real property owned by the estate over a year after the legal absolute latest date for claimants to assert any claims against that estate?

Because we must answer questions two and three before examining whether summary judgment was properly granted, we address the summary judgment issue last.

2.  Did the Circuit Court err in finding that Appellees properly asserted a claim for declaratory judgment?

3.  Did the Circuit Court err in granting summary judgment when there was a dispute of material facts and the Circuit Court evaluated factual allegations in support of its decision?

For the reasons that follow, we affirm the judgments of the circuit court.

## BACKGROUND

Benjamin Robertson and Barbara Robertson, as husband and wife, owned real property located at 13665 Ballantrae Lane, Waldorf, Maryland 20601 as tenants by the entirety. Benjamin Robertson and Barbara Robertson created an irrevocable trust named the HJJR Irrevocable Trust. The trust instrument stated that "Benjamin P. and Barbara A. Robertson" were both the grantors and trustees of the trust. Their son, Erik Robertson, was the successor trustee, and the beneficiaries of the trust were his children, Hayden Elizabeth Robertson, Jake Ryan Robertson, and Jase Steven Robertson. Under Article 2, the trust instrument stated that "[o]n the date set forth above, the Grantor transferred to the Trust the property described on 'Attachment A' which is attached and incorporated into this Trust." Attachment A of the trust instrument lists "Lot 30A of Land, House and Improvements at Canterbury Estates at 13665 Ballantrae Lane, Waldorf, Md. 20601[.]" Benjamin Robertson and Barbara Robertson signed and notarized the trust instrument on July 9, 2020.

On that same day, Benjamin Robertson and Barbara Robertson executed a property settlement agreement in order to divide their marital assets. Paragraph Eleven of the settlement agreement states that the "Ballantrae House and Ocean City time share [are] to

2

be placed in Irrevocable Trust for Grandchildren. All joint moneys and expenses have been equitably split and separated." In August 2020, Benjamin Robertson executed a new will and named Appellant, Christina Issar, the personal representative and beneficiary of his estate. His will stated:

> Except as otherwise provided in this Will, all of the property that I own at my death, or which may become payable to my estate or my Executor, and any property that I have the power to dispose of under this Will which was not previously distributed to the trustees of the HJJR Irrevocable Trust dated July 9, 2020 shall be administered and distributed to Christina L. Issar, except as provided in the Specific Bequests and Additional Provisions stated herein.

A decree of absolute divorce was issued by the Circuit Court for Charles County in September 2021. It ordered, "that the Settlement Agreement dated July 9, 2020, be incorporated, but not merged, into this Judgment[.]" Approximately "[t]wo weeks prior to" his death on February 14, 2022, Benjamin Robertson married Appellant. Appellant, thereafter, attempted to probate Benjamin Robertson's will, asserting that she was the personal representative and beneficiary of his estate in the Orphans' Court for Prince George's County. Erik Robertson, Benjamin Robertson's son, who was also a beneficiary, alleged that Appellant had engaged in fraudulent conduct[2] involving Benjamin Robertson's

---

[2] Erik Robertson and his father, Benjamin Robertson, were partners in a real estate investment company, Robertson Investments, LLC. After Benjamin Robertson's death, Erik Robertson discovered that he allegedly transferred properties from Robertson Investments to Onyx Properties, LLC. Benjamin Robertson's will indicated that Appellant was to inherit the total interest of Onyx Properties upon his death. Erik Robertson asserts that Appellant allegedly deposited payments that were payable to Robertson Investments to Onyx Properties. He also asserts that Appellant filed accounting statements within Benjamin Robertson's estate that reflected financial inaccuracies. The merits of these issues are before this Court in a separate appeal, ACM-REG-0662-2024.

estate. In April 2023, Erik Robertson argued that Appellant should be removed as the personal representative.[3]

In that same month, while the matter pertaining to Appellant's removal as personal representative was pending in the Orphans' Court for Prince George's County, Appellant filed a Complaint for Sale in Lieu of Partition regarding the Ballantrae property in the Circuit Court for Charles County. In response, Barbara Robertson filed counterclaims for breach of contract, fraudulent inducement, fraudulent misrepresentation, and unjust enrichment, asserting that Benjamin Robertson did not disclose certain assets during their divorce negotiations. Barbara Robertson also filed a partial motion for summary judgment requesting that the court dismiss Appellant's Complaint for Sale in Lieu of Partition and render declaratory relief. Barbara Robertson added the trust as a counter-plaintiff believing it to be the legal owner of the property. The court allowed the claim for declaratory relief and unjust enrichment to proceed but dismissed the breach of contract and fraud claims. Appellees did not appeal those dismissals.

On October 11, 2023, the court heard arguments from counsel on Appellees' partial motion for summary judgment and request for declaratory relief. After taking the matters under advisement, the court reconvened on October 27, 2023. The court began its ruling by going "over the procedural history in this case." After a recitation of the facts, the court stated:

---

[3] The Orphans' Court for Prince George's County held a hearing on the matter but has yet to rule on the issue. The court did, however, issue an order prohibiting Appellant from taking action with respect to Benjamin Robertson's estate in the interim and that order was continued in June 2024.

Defendant requests an Order of partial Summary Judgment and dismissal of the estate's claim for a partition and sale of judgment in favor of the HJJR irrevocable trust on its counterclaim for declaratory judgment.

Defendant asserts that by virtue of the Court's 2021 judgment of absolute divorce, the trust is the proper owner of the property and the estate has no interest.

The Defendant contends that an affidavit showing the Court's decree is unnecessary as part of the Motion for Summary Judgment, despite Plaintiff's argument to the contrary as an affidavit is only required when the facts relied upon in the Motion are not contained in the record.

The Court finds that the facts relied upon are contained in the record and include the subject real property deed, Benjamin and Roberts [sic] divorce settlement agreement, the trust instrument, Benjamin's last will and testament and this Court's judgment of absolute divorce.

The submission of these documents as exhibits introduces those documents to the record.

Barbara Robertson, who survived Benjamin, remains as a trustee of the trust. Accordingly, Plaintiff's argument that the trust's action for declaratory judgment may not be maintained is meritless, as she is a party to the action, this action, and she is still the trustee of the trust.

The Defendant argues that the requirement to record a deed under Maryland Code Real Property Section 3-101, A, does not apply where a writing signed by a party granting the estate exists and where the operation of law states otherwise, citing Section 3-101, Subsection B.

The settlement agreement between Robertson and the decedent is a writing transferring the estate of the — the estate to the trust and the divorce decree incorporating and adopting the separation agreement effectively transfers the property to the trust by operation of law.

The Court agrees with this argument.

Plaintiff alleges that it is entitled to partial ownership in the property because the property was not transferred to the trust by deed.

Plaintiff argues that the Defendant's Motion must be denied because, one, movants have failed to provide this Court with an affidavit to support their

5

facts presented in support of their Motion for Summary Judgment and which are not contained in the record and the second argument that the Plaintiff has is that the critical material fact which controls all issues herein, which is who owns the property, is in dispute.

The Court rejects this argument as the Court previously outlined that all the documents necessary to support the Defendant's Motion were made part of the record herein.

Plaintiff also alleges that declaratory judgment cannot be granted because under Maryland law a trust cannot bring an action without it being asserted by a trustee of the trust.

The counterclaim for declaratory judgment was allegedly brought by the trust without the lawful designated trustee asserting the counterclaim.

The Court rejects this argument of the Plaintiff as Barbara Robertson is the trustee of the trust and she's also the co-Defendant in this case.

Plaintiff argues that the Maryland real property may only be transferred by a recorded deed, citing Maryland Code Real Property Section 3-301, subsection A; however, the Defendant points out additional language in Section 3-101, B, which states that Section A does not limit any other method of transferring or creating an estate, declaration or limitation which is permitted by the law of the State.

The Court accepts the pretext that property conveyances may occur in various ways. In this case the Court is accepting that it was conveyed by operation of law through incorporation of the agreement into the judgment of absolute divorce and, in the alternative, by testamentary trust, which is allowable by Maryland Annotated Code Estates and Trusts Section 4-412.

The Court refers to the last will and testament of the decedent which specifically outlines that the real property at dispute in this case was to belong to the trust.

Furthering this argument is the language in the separation agreement at paragraph 21 which includes the language that the agreement, quote, will be binding upon and will inure to the benefit of the parties, their respective heirs, executive – executors, administrators and assignees.

Finally, the Plaintiff introduced two pretrial memorandums at the oral argument on October 11th, 2023.

The first indicates that Defendant's counterclaims are time barred as they should have been brought against the estate by August 14th, 2022.

The Court interprets the pleadings in this case to reflect that the trustee and, therefore, the trust were under the reasonable belief that the property was not in dispute as the judgment of absolute divorce and the last will and testament reflect that the real property now in dispute belonged in its entirety to the HJJR trust and not the estate.

Therefore, it would be unreasonable for the trust to make a claim as a creditor against the estate since the trust was not in the same position as a traditional creditor.

The trustee only became aware that the real property was in dispute upon service of this complaint for a sale in lieu of partition which notably was filed after the decedent's adult son requested that the Plaintiff be removed as personal representative.

The second pretrial memorandum argues that declaratory judgment should be dismissed as it is essentially the same claim as the breach of contract claim in which the Court previously dismissed on September 5th, 2023.

The Court rejects that argument in its entirety as the Court specifically reserved on the ruling of the declaratory judgment and further, the type of relief arising from each of these two claims is different under the law.

The purpose of Courts and Judicial Proceedings Section 3-402 regarding declaratory relief is remedial. Its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. It shall be liberally construed and administered.

Section 3-409 of Courts and Judicial Proceedings further outlines that a Court may grant a declaratory judgment or decree in a civil case if it will serve to terminate the uncertainty or controversy giving rise to the proceeding and if, one, an actual controversy exists between the contending parties.

This Court finds that both parties believe that they are entitled to an ownership interest in the real property at issue in this case.

Two, antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or, and I'll go on to Subsection 3 after I address how this case falls under Subsection 2, the estate and the trust

7

do have antagonistic claims in that the estate believes it owns 50 percent of the real property and the trust believes it has sole ownership of the real property in dispute.

The reason why the estate believes that is they believe that since the parties got divorced, the real property would fall to tenants in common with 50 percent of the value of the real property or the property being owned by the estate of the decedent and the other 50 percent of the property being owned by Barbara Robertson.

Section 3 of that statute is a party asserts a legal relation, status, right or privilege, and this is challenged or denied by an adversary party who also has or asserts a concrete interest in it.

The trust asserts as a matter of operation of law the real property was transferred to the trust by incorporation of the marital settlement agreement in the judgment of absolute divorce and, in the alternative, by testamentary trust; and the estate asserts that 50 percent of the property is owned by the estate as the real property deed was titled as tenants by the in common – tenants by the entirety between the decedent and Barbara Robertson and, as a result, fell to tenants in common.

From a review of the pleadings, the exhibits, having heard oral argument on October the 11th, 2023, the Court declares that the real property and improvements located at 13665 Ballantrae Lane, Waldorf, Maryland, 20601, is the sole property of the HJJR irrevocable trust, free and clear of any claims arising from the estate of Benjamin P. Robertson, III.

This remedy is the appropriate legal remedy to settle this matter of law and there are no material facts that are in dispute as the property was transferred to the trust as a matter of law upon the signing of the marital settlement agreement which was thereafter incorporated into the judgment of absolute divorce.

Having granted the Defendant's request for declaratory judgment, the complaint for sale in lieu of partition filed April 25th, 2023, is hereby denied.

The trial court entered a written order on November 13, 2023, declaring the rights of the parties. Appellant timely noted this appeal.

**STANDARD OF REVIEW**

"An appellate court reviews without deference a trial court's grant of a motion for summary judgment, reviews the record in the light most favorable to the nonmoving party, and construes any reasonable inferences that may be drawn from the facts against the moving party." *Oglesby v. Balt. Sch. Assoc.*, 484 Md. 296, 327 (2023) (quoting *State v. Rovin*, 472 Md. 317, 341 (2021)). We examine the grant of a motion for summary judgment under a de novo standard of review, "that is, whether the trial court's legal conclusions were legally correct." *Dzurec v. Bd. of Cnty. Comm'rs of Calvert Cnty., Md*, 482 Md. 544, 559 (2023) (quoting *Koste v. Town of Oxford*, 431 Md. 14, 25 (2013)).

**DISCUSSION**

## I. The court did not err in finding that the property was transferred to the trust by operation of law.

Appellant argues that the Ballantrae property was not an asset of the trust because the Robertsons did not execute a deed transferring the property to the trust. Appellant asserts that none of the documents submitted to the court meet the requirements of a deed that would be acceptable for recordation and cites Md. Code Ann., Real Prop. § 3-101. Appellant also contends that the settlement agreement refers to the "Ballantrae House" without further specificity, the trust instrument's language does not indicate a present intent to transfer, it was not incorporated into the divorce decree, and Benjamin Robertson's will does not indicate an intent to transfer the property.

Appellees contend that Appellant did not raise the issue of specificity regarding the transfer documents in the trial court, and they argue that Appellant has waived the issue.

9

If considered, Appellees rely on the holdings in *Bruce v. Dyer*, 309 Md. 421 (1987), and *Emerald Hills Homeowners' Ass'n v. Peters*, 446 Md. 155 (2016), as well as language in Md. Code Ann., Real Prop. § 5-103 to support their position that the Ballantrae property is an asset of the trust. Appellees assert that the divorce decree incorporated the Robertsons' settlement agreement which referenced the trust instrument. They argue that Benjamin Robertson's estate has no ownership interest in the property.

We agree that the issue of lack of specificity in the transfer documents was raised below. Appellant argued in the motions hearing that "the actual agreement that they're talking about the incorporation does not name the trust, it just says a trust" and stated that "a specific writing . . . doesn't exist here because the trust who's named as part of the declaratory judgment was not a party to that divorce, was not named in the divorce – the Court Order, was not named in the marital separation agreement at all." In our view, this issue, therefore, is not waived.

Under Md. Code Ann., Real Prop. § 5-103:

No corporeal estate, leasehold or freehold, or incorporeal interest in land may be assigned, granted, or surrendered, unless it is in writing signed by the party assigning, granting, or surrendering it, or his agent lawfully authorized by writing, **or by act and operation of law**.

(Emphasis added.) Normally, the writing that is required, in order to transfer property, is a deed. Md. Code Ann., Real Prop. § 3-101(a) provides that no "deed may pass or take effect unless the deed granting it is executed and recorded." Subsection (b), however, states:

10

**(b) Subsection (a) of this section does not limit any other method of transferring or creating an estate, declaration, or limitation which is permitted by the law of the State except to the extent required by law.**

(Emphasis added.)

In Maryland, a conveyance to a "husband and wife, without restrictive or qualifying words, creates a tenancy by the entirety." *O'Brien v. Bank of Am., N.A.*, 214 Md. App. 51, 88 (2013) (cleaned up). A tenancy by the entirety is defined as a "tenancy by which husband and wife at common law hold land conveyed or devised to them by a single instrument which does not require them to hold it by another character of tenancy." *Bruce v. Dyer*, 309 Md. 421, 427 (1987). It includes a right to survivorship, meaning that upon the death of one of the spouses, the other obtains total interest in the property. *Id.* at 428. A tenancy by the entirety can only be held by spouses. *Trapasso v. Lewis*, 247 Md. App. 577, 584 (2020). When a tenancy by the entirety is severed, a tenancy in common is created, and the right to survivorship is extinguished. *Bruce*, 309 Md. at 428. "A tenancy in common is a type of concurrent estate in which multiple parties have interest in a single property." *Fagnani v. Fisher*, 418 Md. 371, 382 (2011). "It is created where several persons concurrently hold an estate in land by several and distinct titles with only a unity of possession[.]" *Hiltz v. Hiltz*, 213 Md. App. 317, 359 (2013) (quoting *Beesley v. Hanish*, 70 Md. App. 482, 490 (1987)). Spouses may own property as tenants in common by specifying such interests within a deed.

When spouses own property as tenants by the entirety, the transfer of that property is governed by Md. Code Ann., Real Prop. § 4-108(b). It states:

11

(b) Any interest in property held by a husband and wife in tenancy by the entirety may be granted, (1) by both acting jointly, to themselves, to either of them, individually, or to themselves and any other person, in joint tenancy or tenancy in common; (2) by both acting jointly, to either husband or wife and any other person in joint tenancy or tenancy in common; and (3) by either acting individually to the other in tenancy in severalty, without the use of a straw man as an intermediate grantee-grantor. These grants, regardless of when made, are ratified, confirmed, and declared valid as having created the type of ownership that the grant purports to grant.

Md. Code Ann., Real Prop. § 4-108(b). Pursuant to Md. Code Ann., Fam. Law ("FL") § 8-101(b), spouses "may make a valid and enforceable settlement of alimony, support, **property rights**, or personal rights." (Emphasis added.) The terms of a deed, agreement, or settlement made between the parties during the divorce may be merged by the court as part of the divorce decree. FL § 8-105(a); *Harbom v. Harbom*, 143 Md. App. 430, 455 (2000).

In *Bruce v. Dyer*, 309 Md. 421 (1987), two spouses, intending to divorce, executed a marital settlement agreement. 309 Md. at 424. The agreement provided that the spouses would sell their marital home, which they owned as tenants by the entireties, and divide the sale proceeds. *Id.* at 424–25. One spouse died before both the issuance of the divorce decree and the sale of the marital home. *Id.* at 425. The surviving spouse filed a claim and "requested the court to pass an order declaring her to be the sole owner of the entire parcel of real estate." *Id.* The surviving spouse argued that "the tenancy by the entireties never terminated during the lifetime of the parties and [] sole ownership of the land in question [] vested in her upon her husband's demise." *Id.* The personal representative for the decedent's estate argued "that no right of survivorship existed because the separation agreement converted the tenancy by the entireties into a tenancy in common." *Id.*

12

The Maryland Supreme Court granted certiorari to examine cross petitions filed by the parties, following this Court's determination that the execution of the settlement agreement did not convert the tenancy by the entireties into a tenancy in common. *Id.* at 426. The Supreme Court affirmed. *Id.* at 443. It explained that "[t]he granting of an absolute divorce will sever a tenancy by the entireties" and extinguish the right of survivorship. *Id.* at 428. "Failing that, some form of joint action by the husband and wife is necessary in order to achieve a severance." *Id.* Because the spouses had not yet received a divorce decree, the court explained that unless the settlement agreement met "the requirements of a conveyance, transfer, or assignment of property interest as contemplated by . . . 4-108 of the Real Property Article, the agreement did not effect a termination of the tenancy by the entireties in the realty." *Id.* at 432.

The Court found that the spousal agreement was "devoid of expressions such as 'grant,' 'convey,' 'transfer,' 'assign,' and their equivalents" and the settlement agreement did not evidence "a *present* conveyance, transfer, or assignment of interest in *realty* as between the spouses[.]" *Id.* The settlement agreement reflected only an intent for the property to be sold and for the proceeds to be divided. *Id.* The Court noted that, even if intent were present, the agreement was not in writing and thus could not satisfy the writing requirement of Md. Code Ann., Real Prop. § 5-103. *Id.* The Court cautioned that to interpret the language of the marital agreement as "providing for an immediate termination of the entireties estate would amount to supplying a term completely absent from the existing written language." *Id.* at 433. The Supreme Court held that "the spouses . . .

13

continued to own the land in question as tenants by the entireties following the execution of their separation and property settlement agreement[.]" *Id.* at 438.

In *Emerald Hills Homeowners' Ass'n v. Peters*, 446 Md. 155 (2016), cited by Appellees, the Maryland Supreme Court examined whether a subdivision plat established an express easement. 446 Md. at 161. There, the petitioner argued that the plat could not "satisfy the requirements of Md. Code Ann., Real Prop. § 5-103 because words such as grant, convey, transfer, assign, or their equivalent evidencing a present conveyance of an interest in realty [were] absent from the Subdivision Plat." *Id.* at 166 (cleaned up). In evaluating that argument, the Supreme Court clarified its holding in *Bruce*, explaining that "absent divorce, a tenancy by the entirety could be severed only by deed from both spouses." *Id.* at 167. The Court stated that *Bruce's* "holding turned largely on the Court's interpretation of [Md. Code Ann., Real Prop.] § 4-108(b) as requiring a deed to sever a tenancy by the entirety, and was not applicable to other real property interests." *Id.* The Supreme Court ultimately rejected the "argument that a plat cannot satisfy Md. Code Ann., Real Prop. § 5-103 unless the words such as grant, convey, transfer, assign, or their equivalent evidencing a present conveyance of an interest in realty appear therein." *Id.* (cleaned up). It held that the subdivision plat did establish an express easement despite the absence of a deed. *Id.* at 167.

When the Robertsons' divorce decree was issued in 2021, neither of them had an interest in the Ballantrae property. The Robertsons created a trust wherein they, as grantors, transferred their interests in the Ballantrae Lane property to the HJJR trust. Their settlement agreement, which was incorporated into the 2021 divorce decree, further

14

evidenced their intents and actions by specifically referencing the HJJR trust and stating that the "Ballantrae House and Ocean City time share [are] to be placed in Irrevocable Trust for Grandchildren." Unlike in *Bruce*, here, there was a trust instrument and a divorce decree issued prior to Benjamin Robertson's death that incorporated a settlement agreement specifying that the Ballantrae property was an asset of the trust. We agree with the trial court that "property conveyances may occur in various ways" and that the property was transferred to the trust, even though there was no actual written deed.

As to Appellant's assertion that the agreement lacked specificity, we note that in interpreting contracts, "we apply the objective theory of contract interpretation, the primary goal of which is 'to ascertain the intent of the parties in entering the agreement and to interpret the contract in a manner consistent with [that] intent.'" *Jocelyn P. v. Joshua P.*, 259 Md. App. 129, 161 (2023) (quoting *Credible Behav. Health, Inc. v. Johnson*, 466 Md. 380, 393 (2019)) (internal quotation marks omitted). The settlement agreement's reference to the trust instrument evidenced an intent by the Robertsons to transfer "Lot 30A of Land, House and Improvements at Canterbury Estates at 13665 Ballantrae Lane, Waldorf, Md. 20601" into the trust for the benefit of their grandchildren. The record before the trial court contained only one trust instrument, the HJJR Trust, and it explicitly referred to that property.

Appellant's contention that the estate retains an interest in the property and that Benjamin Robertson's will does not evidence his intentions as to the property, is without merit. The will provides that "any property that I have the power to dispose of under this Will **which was not previously distributed to the trustees of the HJJR Irrevocable**

15

**Trust dated July 9, 2020** shall be administered and distributed to Christina L. Issar." (Emphasis added.) As stated by the trial court, Benjamin Robertson's will "specifically outlines that the real property at dispute in this case was to belong to the trust."

## II. The court did not err in finding that the request for declaratory judgment was not time-barred.

Appellant argues that Appellees' request for a declaratory judgment as to the ownership of the property is time-barred. Appellant contends that Appellees are creditors of Benjamin Robertson's estate, and therefore, must have submitted a claim against the estate on or before August 14, 2022, in order to request declaratory relief. According to Appellant, in April 2022, notice was given by publication in the Enquirer-Gazette listing the property as part of Benjamin Robertson's estate. Appellees argue that the trust, and not the estate, owns the property, and the trust is not a creditor.

Under Md. Code Ann., Est. and Trusts ("ET") § 1-301(a), "**[a]ll property of a decedent shall be subject to the estates of decedents law**, and upon the person's death shall pass directly to the personal representative, who shall hold the legal title for administration and distribution, without any distinction, preference, or priority as between real and personal property." (Emphasis added.) Property refers to "[a]ll real and personal property of a decedent; and [a]ny right or interest therein which does not pass, at the time of the decedent's death, to another person by the terms of the instrument under which it is held, or by operation of law." ET § 1-101(s)(2)(i)-(ii).

ET § 8-103 provides:

16

(a) . . . a claim against an estate of a decedent . . . is forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within the earlier of the following dates:

(1) 6 months after the date of the decedent's death; or

(2) 2 months after the personal representative mails or otherwise delivers to the creditor a copy of a notice in the form required by § 7–103 of this article or other written notice, notifying the creditor that the claim will be barred unless the creditor presents the claim within 2 months after the mailing or other delivery of the notice.

Notably, the time constraints expressed in ET § 8-103 apply only to property that meets the definition of property provided under ET § 1-101, and here, creditors of the estate were required to submit a claim by August 14, 2022. Appellees submitted their request for declaratory relief in June 2023.

We hold that because the Robertsons, in 2020, simultaneously executed their trust and settlement agreement, and a divorce decree was then issued, the trust became the lawful owner of the property by operation of law. In February 2022, at the time of Benjamin Robertson's death, the property was not property of his estate. Barbara Robertson's opposition to Appellant's Complaint for Sale in Lieu of Partition was, thus, not subject to the ET § 8-103 time constraints. We agree with the trial court that "it would be unreasonable for the trust to make a claim as a creditor against the estate since the trust was not in the same position as a traditional creditor." We are also unaware of any precedent stating that Appellant's erroneous listing of the property in question as property of Benjamin Robertson's estate converts the trust's status as owner to creditor for purposes of ET § 8-103. We hold that the court did not err in finding that Appellees' request for declaratory judgment was not time-barred.

17

**III.    The court did not err in granting the motion for partial summary judgment.**

Appellant argues that the court erred in granting Appellees' partial motion for summary judgment because there were genuine disputes of material fact. Appellant also contends that the court's determination was based, in part, on an improper credibility assessment when the court stated that Appellant "allegedly misdirected funds in which she had an interest for her own benefit" and "married the decedent shortly before his death."

In reviewing an order granting summary judgment, "we begin our analysis with a 'determination of whether a genuine dispute of material fact exists; only in the absence of such a dispute will we review questions of law.'" *Dzurec*, 482 Md. at 559 (quoting *D'Aoust v. Diamond*, 424 Md. 549 (2012)); *see* Md. Rule 2-501(a). If this Court finds that no genuine dispute of material fact exists, then we determine "whether the circuit court correctly entered summary judgment as a matter of law." *Id.* (quoting *Koste*, 431 Md. at 25). "A plaintiff's claim must be supported by more than a 'scintilla of evidence[,]' as 'there must be evidence upon which [a] jury could reasonably find for the plaintiff.'" *Blackburn Ltd. P'ship v. Paul*, 438 Md. 100, 108 (2014) (quoting *Beatty v. Trailmaster Prod., Inc.*, 330 Md. 726, 738–39 (1993)).

Here, the record before the trial court included the deed to the property, trust instrument, settlement agreement, and the Robertsons' divorce decree. The parties do not dispute the language of the deed, the existence or content of the trust instrument, settlement agreement, or divorce decree. Thus, as we see it, there was no dispute of material fact. Instead, there was a dispute as to the legal significance of the documents, namely, whether the documents transferred ownership of the property to the trust.

18

Appellant argues, nevertheless, that there was a material factual dispute regarding whether Barbara Robertson individually (not the HJJR Trust) paid property taxes on the property and whether the HJJR Trust took action related to the property after the Settlement Agreement/Divorce Judgment regarding the mortgage, title, taxes, care, or operation. Appellant also notes that the estate listed a fifty percent ownership of the property in its assets in the Orphans' Court without any claim asserted by the HJJR Trust. The details, however, relating to taxes, care, mortgage, etc., were not relevant to the court's consideration, and the erroneous listing of the property had no legal effect.

Appellant's contention that the court relied on an improper credibility assessment in ruling on the partial motion for summary judgment is also without merit. At the conclusion of the hearing, the trial court provided a recitation of the facts and stated that Appellant "allegedly misdirected funds in which she had an interest for her own benefit" and "married the decedent shortly before his death." The court did not cite these facts as a basis for its determination, it simply acknowledged the assertions. We decline to speculate that the trial court relied on statements not included in its findings.

In sum, following the arguments of counsel, and after taking the matter under advisement, the court concluded, as a matter of law, that the trust was the rightful owner of the property. Based on our de novo review, we agree and hold that the trial court did not err in granting partial summary judgment. Its careful analysis was in accord with Maryland statutes and case law.

Alternatively, we hold that, even if the property were not transferred by operation of law, the settlement agreement's provision stating that the property located at 12665

19

Ballentrae Lane, Waldorf, MD was to be transferred to the HJJR Irrevocable Trust created for the trust an equitable interest in the property in question. *Kingsley v. Makay*, 253 Md. 24, 27 (1969). Appellant was not entitled to sell the property in derogation of the trust's equitable interest. The July 9, 2020 settlement agreement between Benjamin P. Robertson III and Barbara A. Robertson provided in pertinent part:

> 12. The Parties will promptly sign and give to the other all documents necessary to give effect to the terms of this Agreement.
>
> 19. The Parties agree to provide and execute such further documentation as may be reasonably required to give full force and effect to each term of this Agreement.
>
> 21. This Agreement will be binding upon and will enure to the benefit of the Parties, their respective heirs, executors, administrators, and assigns.

Appellant is clearly bound by the settlement agreement to transfer the property to the trust in order to perfect the trust's title to the property.[4] This obligation was not extinguished by the Robertsons' divorce. The trial court was correct in determining that Appellant's efforts to sell the property by circumventing the trust should have come to naught.

**JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

[4] Our determination in this case does not express any opinion as to the rights of third parties.

20